*473 OPINION of the Court, by
Ch, J. Bibb,
— Rogers declared in debt for £. 1200 id. and 282 pounds of tobacco, and 15s. and Is. 6d. costs, the amount of a judgment of the county court of Spotsylvania, (Virginia,) but which judgment was to be discharged by the payment of £. 602 2s. 1 1-2d, with lawful interest on the sum of £. 539 19.?. 6 1-2d. from the 4th day of July, 1785, until paid, together with the costs aforesaid; averring the recovery of such judgment against the defendants, and that it remained in fullforce, unreversed and unpaid.
A judgment by default and writ of enquiry was taken ; after which the defendant Pollard pleaded nul tiel record, concluding with a prayer to the country, (the other defendant named in the writ was returned by the sheriff, “ no inhabitant” ;) and thereupon the office judgment, which had been taken against Pollard-and his bail, was set aside.
Injunction awarded in hill pending might be pleaded in abatement of dtbt on the judgment enjoined, and decree of perpetual injunction might be plea-ed in bar.
But the return of the iheriff upon the exe. cuti-in, “ftayed byinjunciien,’* would not be evidence in fup port of fuch. plea.
Judgment on a “judgment of another ftate for penalty to be diicharged by (mallei fum, how to be en tercd.”
Want of averment of the value of the tobacco in judgment cured by the veriict.
Error in ani». terhcutory judg ment corrected by the final judgment, cannot besfligned.
The court having inspected the record produced, áS rendered in the county court, in the State of Virginia, certified as directed by the act of Congress in such cases made and provided, determined that there was such record as the plaintiff had declared : and the defendant not saying any thing farther in preclusion of the action, judgment was rendered for the debt in the declaration. A writ of enquiry was awarded 5 upon which the jury found for the plaintiff the debt in the declaration mentioned to be discharged by £. 1200 in damages, and judgment was accordingly entered. The plaintiff on the trial offered in evidence the record of a judgment of. the comity court of Spotsylvania, in the state of Virginia, dulv certified as before mentioned 5 to which the defendant objected. The ground of objection is, that with the judgment (corresponding in every respect with the judgment in the declaration stated) there is also certified an execution, with the sheriff’s return endorsed, “ not executed, the defendant Pollard having enjoined this writ.” The court having overruled the objection, the record was given in evidence to the jury ; to W'hich the defendants excepted.
The errors assigned may be considered as embraced by, and embracing the following propositions.
1. That there was no issue joined, as the plea of nut tiel record concluded to the country, to which there was no replication or demurrer, and therefore the court erred in trying the issue as if it had been joined to the court.
2. That as the sheriff returned the execution stayed by injunction, that therefore it was not “the same record as that alleged to be in full force and virtue.”
3. That the verdict of the jury was illegal, and the correspondent judgment therefore illegal.
4. 1 he court erred in supporting an action of debt for tobacco, and in rendering a judgment therein for tobacco.
5. That the judgment is erroneous, because the verdict is for a larger sum than was embraced by the pleadings, and the. judgment upon the verdict is for a larger sum than could be adjudged to the plaintiff oa the premises set forth by him.
6. “The judgment on which the writ of enquiry was awarded is illegal, because it was for mosey aad *475 tobacco, and then to be discharged by another sum, therein set forth, and also such damages as the plaintiff had sustained, &c.; and both itself, and the writ of en-quiry awarded thereon were illegal.’*
Upon the first point, we are of opinion, that the issue was joined by the plea of nul tiel record. The declaration had affirmed the existence,of the record of such a judgment as the foundation of this action ; the defendant denied the foundation. Here was an affirmation on the one side, and a total denegation on the other, which is the definition of an issue. The conclusion to the country was bad, and could not transfer the trial to the country. The plea admitted of no replication, it thwarted and denied the whole cause of action declared on. The defendant cannot be permitted totake advantage of his own error in the informal conclusion of his plea. The plaintiff could not have demurred generally, because he could not admit there was no such record. To refer the matter to the judgment of the *ourt upon a special demurrer to the want of form in the conclusion, is all that he could possibly have done» But he has more liberally referred it to the court, (and the defendant did not object,) to be tried upon the merits, as it must have been in case the plea had concluded properly. The informality of the pica, and the want of the “ similiter,” which was all that could have been added in case the plea had properly concluded to the court, is cured by the statute of jeofails.
Upon the second point, we cannot think that the sheriff’s return made that not a record, which was a record correspondent with the allegation of the plaintiff* The averment of the declaration is in the present tense, that the judgment yet is in full force, unreversed and unpaid. Giving implicit faith to the sheriff’s return, it only proved that the execution of the judgment had been once suspended, but not that the judgment was, at the impetratioa of the writ in this action, enjoined or suspended in its operation. But the return of the sheriff \% but a matter in pais, liable to be contradicted and falsified. His return does not come within the legal definition and meaning of the record ; it did not falsity any part of the statement, as of record, which the plaintiff had made. The pendency of a suit in chancery awarding an injunction to stay proceedings at law upon *476 the judgment declared on in debt, might be pleaded in abatement, so long as the injunction was undissolved or not discharged ; and a decree of perpetual injunction, might be pleaded in bar : but in neither case would the return of a sheriff upon an execution be evidence t® support the plea -, the record of the proceedings and de» cree in chancery should be produced.
3d point. — The verdict of the jury waá legal and proper, being for the debt in the declaration mentioned, which was the penalty of the judgment; but to be discharged by the amount of the principal and costs, and Interest thereon, according to the defeasance of that penalty, as mentioned in the judgment which was the foundation of the action. If the action had been on the penalty of a bond, to be discharged by the payment of a lesser sum, with interest until paid, and a quantity of tobacco, that the verdict should be for the debt, to wit, the penalty, to be discharged by so much in damages, as the aggregate of the duty mentioned in the condition amounted to, is easy and familiar, and accords with, every day’s practice. Such was the judgment in Virginia, to wit, for the penalty of a bond, but to be discharged by principal, interest and costs. The finding of the jury here is upon the same principle : the debt in the declaration is the penalty of the judgment in Virginia, and costs ; and the jury have liquidated the amount of the defeasance of that judgment.
4th point. — Whatever difficulty might have arisen, if the defendant had demurred because the declaration for the costs mentioned in tobacco had not averred the price at which the law of Virginia had rated the tobacco, yet after a verdict like the present, that difficulty cannot arise. The whole amount which the plaintiff is actually to have, in execution of the judgment, is liquidated in money ; and the objection to the declaration is thus cured by the verdict itself, as well as by the statute ofjeofails.
5th point — The verdict is not for a larger sum than the declaration claimed as the debt: for the declaration claims £. 1200 ar.d one penny, and 282 pounds of tobacco, and fifteen shillings, and one shilling and six pence, the amount of the judgment of the county court, &c. As the penalty of the judgment in Virginia stood there a security for the principal and interest, so in the *477 action here it was properly claimed to cover the same: principal, costs and interest, not exceeding the said, penalty.
6th point. — Whatever informality there might have been in the interlocutory judgment, is not a subject of enquiry now ; a writ of error or appeal lies on the final judgment only. The court had a right to correct, and did correct., any error or informality in the interlocutory judgment, as hath been already mentioned.
Judgment affirmed.