OPINION of the court, by
Ch. J. Boyle.
Mar-
shall recovered a judgment in ejectment against Owings and the latter obtained an injunction, by which the pro- ,. . . , J , r. ceedings on the judgment were stayed until the demise laid in the declaration had expired. The injunction being then dissolved, Marshall applied for and obtained an order amending the declaration by enlarging the demise from ten to twenty years. From the order thus amending the declaration Owings has prosecuted this appeal.
The only question is whether the amendment was permissible or not ?
Amendments of the record in some respects are without doubt allowable, as well after as before judgment; but there is á manifest distinction, both in principle and practice, with regard to the nature and extent of those amendments which may be made before, and those which may be made after judgment.
While the cause is depending the record is within the power of the court, and amendments are allowable at its discretion. In the exercise of this discretion the court will always be careful equally to protect the interest of both parties. At the same time that one party *28 js permitted to correct such mistakes or supply such omissions as the exertions of ordinary skill and diligence canuot prevent, care will be taken that the rights of the other shall not be prejudiced. An amendment in mere matter of form is allowed of course, but if the amendment be in matter of substance, it will be permitted only upon such equitable terms as will secure the rights of the adverse party ; and in such case no injustice can be done : for the cause being still in a coursq of litigation, and the parties before the court, they will have a fair opportunity to contest the claim or defence in the new attitude in which it may be presented by the amendment.
But with regard to amendments after judgment, the case is widely different. The court then ceases to have any discretionary power oyer the record ; the cause is at an end and the parties out of court. Every reason, therefore, which justifies an amendment in matter of substance, before judgment, operates against it after judgment. As has^lready been observed, amendments after judgment are in some respects allowable but it is only in cases of clerical misprisions, and with respect to these it is an invariable rule that no amendment can be made unless there be something in the record to amend by. In this case there is no pretence that the amendment was made to correct a clerical misprision, nor is there any thing in the record by which the amendment could be made.
Were the amendment, therefore, in a mere matter of form, as it is contended to be by the counsel for the ap-pellee, it would not follow that it was'proper. But it does not appear to be of that description. The enlargement of the demise after judgment, is an.enlargement of the judgment: for the judgment is entered for the term unexpired or yet to come. That an amendment of this sort might produce the most palpable and flagrant injustice in many cases is evident.
An ejectment is a remedy not only to recover lands claimed in fee simple, but where the estate is only for life or years.
Suppose then that an ejectment be brought where the lessor’s title is only for life or years, and a judgment be recovered, but before execution the term laid in the declaration, as well as the lessor’s estate, expire : i». *29 auch case an enlargement of the demise laid in the declaration would give the lessor of the plaintiff a right to take the possession of the land, when in truth he had no title or interest in it whatever.
If an amendment enlarging the term he inadmissible in the supposed case, it must be inadmissible in every other. For whether the lessor’s title in any case is for a longer term or greater interest than the term laid in the declaration, cannot appear otherwise than by a trial of his title ; and this could be done only in the ordinary mode oí trying titles.
We are therefore of opinion the amendment in this case was not permissible. — —Order reversed.