*Hartford,*
November,
1815.

Huntley
*v.*
Davis.

## PRESTON *against* GRIFFIN.

THIS was an action of ejectment for a piece of land in *Newtown.* The cause was tried at *Danbury, September* term 1815, before *Trumbull, Baldwin,* and *Ingersoll,* Js.

On the trial, the plaintiff claimed title to the land under a deed from the administrators of *Richard Nichols,* deceased, dated the 24th of *August* 1809, who, it was admitted, originally owned the land. The defendant claimed, that he was

It is not a badge of fraud, that all a debtor's estate has been disposed of at different times, by deeds, and the levy of executions.

*Hartford,*
November,
1815.

Preston
*v.*
Griffin.

well seised, by virtue of a deed to him from *Zalmon Tousey,* jun., dated the 2d of *February* 1802 ; and a prior deed to *Tousey* from *Philo Norton,* dated the 25th of *August* 1800 ; and a judgment in favour of *Norton* against *Richard Nichols, Austin Nichols,* and *Daniel Nichols,* upon which an execution had been taken out and levied upon the land in question. The plaintiff contended, that this judgment was fraudulent and void ; and whether it was so or not, was the principal question of fact on the trial. In support of the plaintiff's claim, several other judgments and levies of executions in favour of *Norton,* and of *Norton* and others, against *Richard Nichols,* and deeds from the latter to the former, whereby the lands of *Richard Nichols* were, at different times, specifically set off and conveyed, were adduced in evidence. There was also evidence to shew, that early in *January* 1798, it was proposed by *Norton* to *Richard, Austin* and *Daniel Nichols,* and agreed to by them, that they should go off and leave the country, and he would undertake to settle their business for them, and *save them a good property ;* that *Richard* and *Austin Nichols* should convey some of their lands to *Norton* by deed, and he should cover the residue with executions on suits already commenced ; that in pursuance of this arrangement, deeds were executed to *Norton,* on the 8th of *January* 1798, by *Richard* and *Austin Nichols,* who immediately afterwards shut themselves up until some time in *March* following, when all three absconded ; and that judgments to a large amount were suffered by default, and executions taken out, which were levied upon the residue of their lands. The defendant insisted, that the jury ought to be instructed, that they could not infer that the judgment in question was fraudulent from such other judgments. The court charged the jury, that no other fraudulent transactions between the same parties are evidence that the transaction in question is also fraudulent ; but these judgments, levies and deeds are admitted only for the purpose of shewing that *Richard Nichols* had conveyed away, and suffered himself to be divested of, his whole property, and that the same passed chiefly into the hands of *Norton ;* because when a debtor conveys away his whole property, this is one of the badges of fraud. The jury found a verdict for the plaintiff ; and the defendant moved for a new trial on the ground of a misdirection. The question of law arising

on this motion was reserved for the consideration and advice of the nine Judges.

*N. Smith,* in support of the motion.

*Daggett* and *Sherman,* contra.

Preston
*v.*
Griffin.

SWIFT, Ch. J.   I am of opinion that a new trial ought to be granted, because the court charged the jury, that deeds and conveyances of all a man's estate specifically described, and executed at different times, are a badge of fraud.

It has been decided in cases where conveyances of property are challenged as fraudulent, that it is not competent to prove that other conveyances, made at other and different times, were fraudulent, to raise a presumption that the sale in question was fraudulent; but conveyances of other property made at the same time with that in question may be given in evidence in order to shew a combination to dispose of the property with a fraudulent intent; or to shew that a *bona fide* consideration was not paid for the whole; or it may be shewn, that any one of these contemporaneous conveyances was fraudulent, to shew, or raise a presumption, that the conveyance in question was fraudulent.   Where general words are made use of in a conveyance; as where a man sells all his property; so where a man specifically conveys all his estate at one and the same time; these are presumptive evidences of a fraudulent intent; for it can hardly be supposed, that a man would strip himself of all his property, but that his intent was to put it all beyond the reach of his creditors, with a view to derive a benefit to himself.   But where a man at different times is making specific dispositions of his property, though he may in the end dispose of the whole, yet this has never been deemed a badge of fraud.

On this ground I would advise a new trial.

In this opinion TRUMBULL, SMITH, BRAINARD, GODDARD, and HOSMER, Js. concurred.

BALDWIN, J.   I agree generally in the principles advanced by the Chief Judge; but I differ in the application of them to the case before us.   From the statement, as present-

*Hartford,*
November,
1815.

Preston
*v.*
Griffin.

ed to us, though imperfect, I think it evidently appears to have been claimed by the plaintiff, that in *January* 1798, with intent to defraud their creditors, *Richard*, *Austin*, and *Daniel Nichols* agreed with *Philo Norton*, that they should convey all their property in trust to him, and abscond; that this was to be effected by deeds and judgments; that in pursuance of that combination, on the eve of bankruptcy and absconding, deeds were executed on the 8th of *January*, and afterwards judgments suffered to pass by default, to a large amount, with a view to the same object; which deeds, records of judgments and executions levied, were in proof on the trial. In this view of the case, and with such claim of proof, the court charged the jury, that " when a debtor conveys away his whole property, that is one of the badges of fraud." As an abstract proposition, I agree that this would not be correct; but when taken in connexion with the facts claimed to have been proved in this case, I think it was. It surely can make no difference in principle, whether a man on the eve of bankruptcy conveys at the same time, and to the same person, all his property, by one, or by several deeds. The effect will be the same; and the presumption of law will equally apply, that he meant to deceive his creditors, and derive a future benefit to himself. The statement does not warrant the supposition that the conveyances were at different times; and it was claimed that the judgments were in pursuance of the agreement upon which the deeds were given. Conveyances thus made, have, I think, a badge of fraud, and as such ought to be weighed by the jury, in support of the claim of a fraudulent combination, and of a fraudulent transaction.

The charge on this point is not expressed with all the caution it might have been; but in connexion with the statement, it must be understood as having reference to a case so circumstanced. I am therefore of opinion, we ought not on that ground to grant a new trial.

New trial to be granted.