*Nov. Term,*
*1818.*

JARED
*v.*
GOODTITLE.

---

## JARED *v.* GOODTITLE, on the Demise of HILL.

An omission of the *similiter* cannot be assigned for error after verdict.
The Court are bound to instruct the jury as to the law, on any material point relative to the issue, when requested.
To enable the plaintiff in ejectment to recover, he must have the legal title.
*Quære,* Whether the declaration in ejectment can be amended, in an appellate Court, by an enlargement of the term, where it has expired pending the suit.

APPEAL from the *Dearborn* Circuit Court.—Ejectment for a tract of land in *Dearborn* county. The demise laid was for seven years from the first of *April,* 1809. Plea, not guilty. No *similiter* was added. *Jared,* the defendant below, moved the

*Friday,*
*November 20.*

<div style="margin-left-note">

Nov. Term, 1818.

JARED
v.
GOODTITLE.

</div>

Court to instruct the jury, that to entitle the plaintiff to recover, he must prove a clear legal title in his lessor to the premises in question. The Court refused to give the instruction.—Verdict and judgment for the plaintiff below.

The appellee moved to amend the record, by an enlargement of the term from *seven* to *fifteen* years. The appellant objected to the amendment, and contended for a reversal of the judgment on these grounds: 1st, That issue had not been joined in the Circuit Court. 2dly, That the Court were bound to give to the jury the instruction required.

BLACKFORD, J.—The Court do not consider it necessary to decide the question, relative to our permitting the declaration to be amended. The not determining it, will subject the appellee to no inconvenience, as he can make his application to amend, in the Court below (1).

The *similiter* is only matter of form, and whether regularly or irregularly entered, or whether entered at all or not, is of no importance after verdict (2).

The Circuit Court are certainly bound to deliver an opinion to the jury, upon any part of the law relevant to the issue, if required. *Douglass* et al. v. *M'Allister*, 3 Cranch, 298.—*Picket* v. *Morris*, 2 Wash. Rep. 255, 272. In the case before us, it appears from the record, that the defendant below requested the Court, among other things, to instruct the jury, that to entitle the plaintiff to recover, he should prove a clear legal title in his lessor to the land in question. This is certainly the law, and without such proof the plaintiff below had no right to a verdict (3). The Court ought to have given the instruction, and in consequence of their refusal, the judgment is erroneous.

HOLMAN, J., gave no opinion, having been engaged as counsel in the cause.

*Per Curiam.*—The judgment is reversed, and the proceedings subsequent to the plea set aside, with costs. Cause remanded for further proceedings, not inconsistent with this opinion.

*Lane*, for the appellant.

*Kidder*, for the appellee.

---

(1) The demise was formerly considered matter of substance, and it could not be amended without consent. *Anon*. 1 Salk. 257.—*Thrustout* v. *Gray*, Cas. temp. Hardw. 165.—*Scrape* v. *Rhodes*, Barnes, 8.—*Driver* v. *Scrutton*, ibid. 17. But the demise is now deemed only matter of form. Although the

term has *expired*, the plaintiff may have leave to enlarge it. *Roe* v. *Ellis*, 2 Bl. Rep. 940. Where the deed of the plaintiff's lessor was objected to as evidence, because its date was subsequent to the demise laid, the *U. S.* Circuit Court, in *Tennessee*, permitted the plaintiff to amend his declaration at the trial, by striking out the date of the lease mentioned in the declaration, and inserting a date posterior to the conveyance. And upon a writ of error, the Sup. Court of the *U. S.* held, that the amendment had been properly allowed; that an enlargement of the term, when it had *expired* before a final decision of the cause, had been frequently allowed; and that they could perceive no difference, in substance, between making the term extend to a more distant day, and commence at a later day. *Blackwell* v. *Patton's* Lessee, 7 Cranch, 471. S. P. *Rogers* v. *Barnett*, 4 Bibb, 480. Even *after judgment*, the Court may permit the amendment to be made. Thus, the term was permitted to be enlarged in a case, where a judgment in ejectment in *Ireland* had been affirmed, upon a writ of error, in the K. B. in *England*, but before the plaintiff's lessor could obtain possession, the term in the declaration had expired. *Vicars* v. *Haydon*, Cowp. 841. In a case where judgment had been rendered 20 years before, and the defendant had caused no delay, the plaintiff moved to amend by enlarging the term which had expired, that he might sue out a *scire facias* to revive the judgment, and take out a writ of possession. The motion was overruled, not for being too late, but because the plaintiff had not satisfied the Court, that the granting of the motion would work no injustice. *Doe* v. *Tuckett*, 2 Barnew. and Ald. 773. So, where 30 or 40 years had elapsed since the judgment, and the plaintiff had been stopped by an injunction, a similar application was refused, not, however, because the Court *could not* grant it, but because it was conceived they *ought not* in that case, for the reason given in *Doe* v. *Tuckett*, supra. *Bradney* v. *Hasselden*, 1 Barnew. and Cressw. 121. An *habere facias possessionem*, taken out upon a judgment in ejectment, was quashed by the *U. S.* Circuit Court, in *Kentucky*, because the term stated in the declaration had previously expired. The plaintiff afterwards moved to amend by an enlargement of the term, but the motion was overruled. Writ of error to the Sup. Court of the *U. S.* *Marshall*, C. J., said the opinion of the Court was, that the cases cited by the plaintiff's counsel in argument, were full authority for the amendment, which had been asked in the Circuit Court, and that the motion ought to have prevailed; but that a writ of error would not lie to a decision on such a collateral motion, which might be renewed. *Walden* v. *Craig*, 9 Wheat. 576. Vide also Lessee of *Lawlor* v. *Murray*, 1 Sch. and Lef. 75, and the cases cited in note a.——Contra, *Owings* v. *Marshall*, 3 Bibb, 27. There a judgment had been recovered, but, in consequence of an injunction, the term had expired before the plaintiff's lessor could obtain possession. The Circuit Court permitted the term to be enlarged, but the Court of Appeals reversed the order, on the ground, that *after judgment* such an amendment could in no case be made.

(2) Acc. *Sayer* v. *Pocock*, Cowp. 407.—2 Will. Saund. 319, note 6.—2 Tidd's Pr. 835.—1 Chitt. Plead. 570.—*Wright*, q. t. v. *Horton*, 1 Stark. Rep. 400.—*Brewer* v. *Tarpley*, 1 Wash. Rep. 363.—*Turberville* v. *Self*, 2 Wash. Rep. 71.—*Morrison's* Ex'r v. *Hart*, Hardin, 150.—*Adams* v. *Bradshaw*, ibid. 555.—*Pollard* v. *Rogers*, 1 Bibb, 473.——Contra, *Cowper* v. *Spencer*, 8 Mod. 376.—*Griffith* v. *Crockford*, 3 Brod. and Bingh. 1.

(3) *Smith* v. *Allen*, d. *Bigger*, in this Court, ante, p. 22, and note 1.