May Term, 1844.

BEAN
v.
KEEN.

---

BEAN *v.* KEEN.

Debt by an assignee against the maker of a promissory note alleged to be lost. Pleas, *nil debet* and failure of consideration. *Held*, that the oath of the plaintiff was admissible to prove to the Court the loss of the note. *Held*, also, that to enable the plaintiff to recover, he must prove by disinterested witnesses, not only the contents of the note, but that there was on it an indorsement to himself.

Thursday, June 6.

ERROR to the *Harrison* Circuit Court.

SULLIVAN, J.—Debt by *S. Keen* the assignee against *Bean* the maker of three several promissory notes. Pleas, the general issue, and a failure of consideration. *Similiter* to the first plea, and a replication to the second. Verdict and judgment for the plaintiff.

The allegations in the declaration are, that the notes on which the suit was brought were executed by *Bean* the plain-

tiff in error, and made payable to one *Baldwin*, and by him assigned to *Timberlake*, who assigned them to one *Abner Keen*, by whom they were assigned to the plaintiff; and that they have been lost out of the plaintiff's possession, &c.

The testimony of the plaintiff in the Court below, was received to prove the loss of the instruments on which the suit was brought, to which the defendant objected. There was no error in this. The oath of a party in a cause may be received to prove to the Court the loss of an instrument of writing, in order to lay a foundation for the introduction of secondary evidence to prove its contents. 1 Pet. 591.—16 Johns. 193.—3 Pick. 287.—7 *id.* 62.—8 *id.* 278.

The plaintiff then introduced a witness by whom he proved, that he (the witness) had seen four notes signed by the defendant, three of which answered the description of the notes sued on ; that they were made payable to *Smith Baldwin*, by him indorsed to *Timberlake*, and by the latter to *Abner Keen;* that when he saw them they were in *Abner Keen's* possession ; and that the plaintiff lived with *Abner Keen.* This was all the testimony in the case.

The defendant asked the Court to give to the jury the following instruction, viz.: That if it were not satisfactorily proved, that the notes described in the plaintiff's declaration were assigned to the plaintiff before the commencement of the suit, they should find for the defendant. The Court refused the instruction ; but, on the plaintiff's application, they instructed the jury that the pleas of the defendant admitted the execution of the notes and the indorsements thereon, and as the defendant had introduced no proof of the failure of consideration, the plaintiff was entitled to a verdict, &c.

It was necessary for the plaintiff in this case to show that he had a legal title to the notes sued on. The general issue denied the defendant's indebtedness to the plaintiff, and it devolved on the plaintiff to prove it. Having established the loss of the notes to the satisfaction of the Court, he should have proved by disinterested witnesses, not only their contents, but that there were indorsements on them to himself. By such proof only could he establish his right to the debt sued for. We have heretofore decided, in a suit by the

assignee against the maker of a promissory note, where the general issue was pleaded, that the assignment of the note must be shown to the jury to entitle the plaintiff to a verdict. *Arnold* v. *Sturges*, 5 Blackf. 256. If the note be not lost, and there be no plea under oath denying the assignment, the production of the note and assignment will be sufficient; if it be lost, and the loss be established to the satisfaction of the Court, secondary evidence will be received.

In this case the proof was, that, when the notes were last seen, they were the property of *Abner Keen*, not the property of the plaintiff. This proof was not sufficient to entitle the plaintiff to a verdict, and the Court should have instructed accordingly.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*W. A. Porter* and *H. P. Thornton*, for the plaintiff.

*J. W. Payne*, for the defendant.