DEAN *v.* SPEAKMAN.

DEAN
v.
SPEAKMAN.

If a promissory note sued on be torn and a part of it lost, a copy of the entire note sworn to is admissible evidence.

An action at law lies on an unnegotiated promissory note, which has been lost or destroyed.

A joint debtor with a bankrupt has a contingent claim on the latter, which is proveable under the commission of bankruptcy; and the bankrupt's certificate will bar a suit against him for contribution.

To render a certified bankrupt a competent witness for his co-debtor, in an action for the joint debt, the bankrupt must release to his assignee all claim to surplus and allowance.

APPEAL from the *Dearborn* Circuit Court.

*Saturday,
December* 21.

DEWEY, J.—Debt on a promissory note by *Speakman*, the payee, against *Cochran*, *Folbre*, *Dean*, *F. Baldwin*, and *H. Baldwin*, the makers. The process was returned "not found" as to the *Baldwins*, and the return suggested on the record. *Dean* pleaded the general issue : *Cochran* and *Folbre* pleaded, separately, bankruptcy; replications to their pleas, that each of them, after his discharge and certificate, affirmed and ratified the note, and promised to pay it ; rejoinder in denial, and issue. The jury found against *Dean*, and in favour of *Cochran* and *Folbre;* judgments accordingly.

On the trial, the plaintiff offered in evidence a paper, bearing the signatures of all the original defendants, which appeared to be a considerable fragment of a promissory note ; and offered to prove by his attorney, that the paper was part of a promissory note, which had been placed entire in his hands by the plaintiff, but which had been mutilated by having a small piece torn off one end ; this, the witness supposed, had been occasioned by the frequent withdrawal and replacement of the note among the files, where it was usually kept. The witness produced and swore to a copy of the entire note, made before the latter was torn, which copy corresponded with the note described in the declaration. The witness stated that he had made diligent search for the missing piece of the note, but could not find it. This evidence was all objected to, but admitted by the Court.

*Dean* produced as a witness, *F. Baldwin*, one of the original defendants, on whom the process was not served, and offered to prove that he was a certified bankrupt ; and that

Nov. Term, 1844.

DEAN
v.
SPEAKMAN.

he, *Dean*, had released him from all claim to contribution, should *Dean* be compelled to pay the money due by the note. The witness was excluded.

The admission of the plaintiff's testimony to establish the note was right. The absence of the torn off part was sufficiently accounted for to let in secondary evidence of its contents; and the sworn copy of the entire note was legal evidence for that purpose.

No objection to the plaintiff's sustaining the action, on the ground of its being founded on a lost note, (even had it been lost,) could prevail. The action was between the payee and the makers; and the possession of the note by the plaintiff, at the time a part of it was torn off and lost, raises a fair presumption that it had not been negotiated; in which case an action at law was proper. Chitt. on Bills, 155. But the case bears a stronger analogy to that of a destroyed note, than to a lost one; and on a destroyed note an action at law will lie. Chitt. on Bills, 155. We think the Court was also correct in excluding the witness offered by the defendant. Whether he was objectionable, as being a party to the record, if he was one, we shall not consider, because we view him as incompetent on the score of interest. The fifth section of the bankrupt act, passed by congress in 1841, allows "sureties, indorsers, bail, or other persons, having uncertain or contingent demands" against the bankrupt, to prove their claims under the commission of bankruptcy. And the fourth section provides, that all claims proveable under the act shall be barred by the discharge and certificate of the bankrupt. Now, every joint debtor has a demand against his co-debtor, contingent upon his being compelled to pay more than his share of the debt. Such a demand was *Dean's* against each of the other makers of the note sued on in this cause; and we think it was proveable under the commission against *F. Baldwin* to the amount of his share of the note, and that being so proveable all demand for contribution against *Baldwin* was barred by his discharge and certificate. Besides, *Dean* may well be considered as the surety of *Baldwin* to the extent of the latter's share of the debt paid by him; and this view would entitle him to prove his claim under the act of congress, and of course bar him from demand-

ing contribution of *Baldwin*. It follows from these principles, that *Dean's* release of contribution to *Baldwin* was inoperative; he had no such demand against him; his remedy was in proving his claim under the commission. The release did not reach the real interest of *Baldwin*, which consisted in this: He was entitled to the surplus of his estate, (if any,) after paying his debts; and he was entitled to an allowance, depending in some measure upon the discretion of his assignee, to be regulated by the condition and circumstances of his estate. Sect. 3d of the bankrupt act. Now, as *Dean* had a right to claim, under the commission against *Baldwin*, to the amount of *Baldwin's* share of the joint debt paid by *Dean*, that claim would take a part of the assets in the hands of the assignee, and consequently lessen, in proportion, the claim of the bankrupt to surplus and allowance. To have rendered *Baldwin* competent as a witness, he should have released to his assignee his claim to surplus and allowance. The foregoing views are sustained by the following cases. *Aflalo* v. *Fourdrinier*, 6 Bing. 306.— *Wood et al.* v. *Dodgson*, 2 M. & S. 195.—*Perryman* v. *Steggall et al.* 8 Bing. 369.

*Per Curiam.*—The judgment is affirmed with costs.

*J. T. Brown, E. Dumont*, and *T. Gazlay*, for the appellant.

*J. Ryman* and *P. L. Spooner*, for the appellee.