Smith, J.
— “ The fifth section of the act of Congress to establish a uniform system of bankruptcy, approved August 19th, 1841, provides, that sureties, endorsees, bail, or other persons having uncertain or contingent demands against the bankrupt, £ shall be permitted to come in and prove such debts or claims,’ under the act, and shall ‘ have a right, when their debts or demands become absolute, to have the same allowed them,’ and may *' have the present value thereof ascertained under the direction of the Court, and allowed them accordingly, as debts in presentí;'’ and by a provision of the fourth section, all claims provable, are barred by the discharge of the bankrupt. It was accordingly held by this Court in the case of Dean v. Speakman, 7 Blackf. 317, that when one of several joint makers of a note had been, after the execution of the note, discharged under the bankrupt act above referred to, all demands against him by the other joint makers, who had subsequently paid the note, for contribution, were barred by Ms certificate and discharge. The present case is, however, different. When two or more are indebted, *221 one as principal and the others as sureties, the discharge of the principal in bankruptcy renders the sureties liable to be sued alone for the whole debt, and it is, perhaps, reasonable that they should be permitted to secure themselves to the extent of such liability, out of the property of the bankrupt. But if it be one of the co-sureties who is discharged, before any proceedings have been had to collect the debt, there is no such exclusive liability fixed upon the other eo-sureties. The principal may pay the debt and save all the sureties. By the English statute of bankruptcy, (6 Geo. 4, c. 16, § 52 and 56,) sureties, and other persons having contingent demands against the are permitted to prove their claims under the commission, but it has been held that the party proving must be directly surety, or liable, and that the act does not extend to a co-surety. Clements v. Langley, 5 B. & Ad. 372; Thompson v. Thompson, 2 Bingh. N. C. 168; Chit, on Cont, (6th Am. Ed.) 185; Burge on Sur. 488. There appears to be sound reason for this distinction, which is equally applicable to the bankrupt law of Congress. We think, therefore, the demurrer to the replication should have been overruled.”
Judgment reversed, &c.