May Term,
1849.

THE MADISON
INSURANCE
COMPANY
v.
MITCHELL.

---

The MADISON INSURANCE COMPANY *v.* MITCHELL and Others.

One of several makers of a promissory note who had become a certified bankrupt, is not a competent witness for the other makers in a suit upon the note brought by the payee, without having previously released to his assignee all claims of surplus and allowance.

Tuesday,
June 12.

ERROR to the *Morgan* Circuit Court.

SMITH, J.—Debt by the payee upon a note signed by *James, Samuel, Giles,* and *John Mitchell.* The three first filed several pleas in bar, and upon the trial, they introduced the last, namely, *John Mitchell,* as a witness to prove that the note had been fraudulently obtained by the plaintiff. It was admitted that he had not been served with process, and had not appeared to the action, and the other defendants proved that he had taken the benefit of the bankrupt law since said note became due. Though the plaintiffs objected, he was permitted to testify, and, upon his testimony, judgment was rendered for the defendants.

It has already been decided by this Court, in the case of *Dean* v. *Speakman*, 7 Blackf. 317, that one of several

makers of a promissory note, who had become a certified bankrupt, is not a competent witness for the other makers in a suit upon the note brought by the payee, without having previously released to his assignee all claim to surplus and allowance. As in that case, therefore, it is not necessary to examine whether the witness was objectionable on the ground of his being a party to the record, as it does not appear that the proceedings in bankruptcy have been finally closed, and he must be considered incompetent on the score of interest.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded for a new trial.

*J. G. Marshall*, for the plaintiff.

*O. H. Smith* and *T. L. Sullivan*, for the defendants.