May Term,
1852.

TEMPLIN v. KRAHN.

TEMPLIN
v.
KRAHN.

A promissory note was made payable to A., his agent or attorney. *Held*, that while unnegotiated, suit could only be brought upon the note in the name of A.

A promissory note, which had not been negotiated, was lost, and nothing had been heard of its existence, although four years had elapsed from the time when it became due. At the end of the four years, suit was brought upon it—the declaration alleging the loss, &c. *Held*, that the suit would lie.

In debt by the payee to recover the amount of a lost note, the plaintiff proved by a witness that a note of the maker dated on or about the date of the note described in the declaration, and otherwise corresponding with it, had been left with him to collect the interest; that he had made diligent search for the note and could not find it; and that neither the payee nor any other person ever got the note, to his knowledge, out of his possession. *Held*, that the evidence was sufficient to authorize a judgment for the plaintiff.

The omission of a similiter to the general issue is immaterial after verdict.

ERROR to the *Delaware* Circuit Court.

PERKINS, J.—Debt by *Krahn* v. *Templin*. The declaration alleges that *Templin*, on the 26th of *February*, 1844, made his promissory note in writing, whereby he promised to pay to *Krahn*, or his agent or attorney, in *Albany*, three years from date, the sum of 75 dollars, with interest, payable annually; conditioned that the maker might pay said note 90 days before maturity, in good notes or due-bills then due on men in *Delaware* county. The note is alleged to be lost, but due and unpaid. The declaration was filed in 1851.

Plea, the general issue. Trial by the Court.

The evidence given upon the hearing was the deposition of *Uriah Pace*, which reads as follows: " I, *Uriah Pace*, am knowing that *Josiah Templin* executed, on or about the 26th day of *February*, 1844, one note of hand to *William J. F. R. Krahn*, whereby he promised to pay said *Krahn* 75 dollars, three years after date, interest payable yearly. Said note was made payable to said *Krahn*, his agent or attorney, in *Albany*. Said note was conditioned that said defendant might pay the same 90 days before maturity, in good notes or due-bills then due

Saturday,
May 29.

upon good men in *Delaware* county; and said *Templin* delivered said note, signed by said defendant, to the plaintiff, which said note was lost or mislaid, when in my possession as acting justice of the peace of said county, being delivered to me by the plaintiff for collection of interest in the year 1845. I have made diligent search for said note and cannot find it; and neither *Krahn* nor any other person ever got the note out of my possession to my knowledge. The property or land for which said note was given once belonged to me, to-wit, a lot in the town of *Albany,* in *Delaware* county, and was sold and conveyed by me either to *Krahn* or one *John Bane,* not certain which."

Upon this evidence the Court found for the plaintiff, and afterwards refused a new trial.

The first question presented is, whether this suit at law can be sustained?

The note, which is made the foundation of the action, was not payable to bearer. It contained a promise by the maker to *Krahn* to pay to him or his agent or attorney. For a breach of that promise *Krahn* alone could sue, while the note remained unnegotiated. *Harper* v. *Ragan,* 2 Blackf. 39. It had not been negotiated, and some four years had elapsed after it became due before this suit was instituted, and still nothing heard of its being in existence. All this sufficiently shows that the defendant is in no danger of being hereafter called upon to pay the note to a *bona fide* holder. There is no doubt, therefore, but that this suit at law will lie for its collection, though lost. *Dean* v. *Speakman,* 7 Blackf. 317.

The next point made is, that the evidence did not authorize the finding of the Court. We think it did. The plaintiff was bound to establish the existence and loss of such a note as that described in the declaration. According to the decisions in *Connecticut,* he was bound to establish both these facts by legal evidence, independent of his own oath. In that state it is held, that the general issue, pleaded to a declaration on a lost note, puts in issue the fact of loss, as well as other facts in

OF THE STATE OF INDIANA. **375**

the cause, and makes it a jury question. *Coleman* v. *Walcott*, 4 Day, 388.—*Swift* v. *Stevens*, 3 Conn. (2 series), 431. In this state, however, it is decided that the fact of loss is, in the first instance, a question for the Court, and may be proved by the oath of the party. *Bean* v. *Keen*, 7 Blackf. 152. But in the case before us, this, as well as the other facts, was shown by disinterested evidence, and we think sufficiently. The existence, loss, and contents of the note were all proved. It is objected that the evidence did not make out the identity of the note mentioned in it with that sued on. It is said the plaintiff below may have had two notes of a like description. True, but the judgment in the present case will merge one of said notes, and will be pleadable in bar of any other suit on a note of a like description, and thus raise the question in such suit as to the existence of more notes than one.

The next and last point made is, that the *similiter* was not added to the plea of the general issue. This is an immaterial point. The issue was substantially formed without the *similiter*. *Jared* v. *Goodtitle*, 1 Blackf. 29.

*Per Curiam.*—The judgment is affirmed with costs.

*J. S. Buckles*, for the plaintiff.

*W. March*, for the defendant.