## ELA *v.* PENNOCK.

The defendant in a writ of entry cannot defend against the legal title of
the plaintiff, by proving, on trial, that he entered under a written agree-
ment with the plaintiff, for the purchase of the demanded premises, and
since the entry had paid the stipulated price, and was entitled, by per-
formance of the agreement, to a conveyance of the legal estate.

WRIT OF ENTRY. Plea, *nul disseizin.* The plaintiff intro-
duced evidence to show that, twenty-seven years before the
trial, he was in possession of the demanded premises;
that four or five years after that, the defendant went into
possession, erected buildings on the land, and had ever
since occupied it. He also put in evidence a written agree-
ment of the parties, dated May 10, 1836, by which the
plaintiff agreed to convey the demanded premises to the
defendant, on condition that he should pay him $180, as
follows: $30 November 1, 1836; $50 November 1, 1837;
$50 November 1, 1838, and $50 November 1, 1839, with
interest yearly. On the back of the agreement were the
following indorsements: "April 1, 1841, received $90.04,
to be reckoned as paid December 1, 1840; March 9, 1842,
received $60, to be reckoned as paid October 20, 1841."
The plaintiff having rested his case, the defendant moved
for a nonsuit, which was denied.

The defendant then proposed to show, that in May,
1835, he went into possession of the land, then in an
uncultivated state, under a verbal contract with the plain-
tiff, which about a year afterward was reduced into writing,
and was the written agreement introduced by the plaintiff;
that after the date of the last indorsement, by the sale of
shingles, by his own and his son's services in the manufac-
ture of shingles, he had, in 1846, fully paid the balance
due to the plaintiff under the contract, and that the plain-
tiff had accepted the same in full satisfaction of his claim
for the purchase money of the land; that since his entry

upon the premises he had occupied them as his own ; had cleared, fenced, cultivated and improved them, and had erected on them a house, barn and other buildings ; and since 1846 had been entitled to a conveyance according to the provisions of the written contract, as modified, understood and agreed upon by the parties.

The plaintiff denied that this statement of the defendant was true, and objected to try the question whether the contract had been performed, on this issue to the jury.

The court being of opinion that if the defendant were able to satisfy the jury that he had an equitable title to the demanded premises, by showing what he proposed in evidence, it would not preclude the plaintiff's right to recover under the circumstances of the present case, rejected the evidence offered, and directed a verdict for the plaintiff, which the defendant moved to set aside.

*Bellows & Farr*, and *C. R. Morrison*, for the plaintiff.

*H. & G. A. Bingham*, for the defendant.

PERLEY, C. J.   The defendant offered to show, on trial, that he entered into the demanded premises under a contract with the plaintiff for the purchase of the land ; that he performed the agreement on his part, by paying the agreed price, and was entitled to a conveyance.   The plaintiff denied that the agreement had been performed by the defendant, and the court rejected the evidence offered by the defendant.   Can the defendant in a writ of entry try the question whether he has performed an agreement with the plaintiff for the purchase of the demanded premises, and if he shows that he has, set up this equitable interest as a defence to the action ?

The defence proposed does not charge the plaintiff with obtaining the legal title on which he relies, by any fraud or falsehood.   If he is in fault, it is for the refusal or

neglect to perform his agreement to convey the land on payment of the stipulated price. For this the defendant has two plain remedies: one, at law, by action to recover damages for the breach of the plaintiff's contract; the other, in equity, by bill to enforce the specific performance of the agreement, and thereby obtain the legal title. He is not driven, in the present state of the law, to this defence by any lack of other adequate remedies.

It is now the well settled rule in England that a mere equitable title, even when the equity arises on a trust declared by deed or other writing, and does not depend, as it does in this case, on a disputed question of fact, cannot be set up in a suit at law against a party who has the legal estate. It was, indeed, said by Lord *Mansfield*, in *Weakly* v. *Bucknell*, Cowper 474, that the court would not allow the plaintiff to recover in ejectment, if the defendant had the equitable title; but the doctrine of that case has not been followed in England, and Lord *Mansfield* himself did not allow a defendant in ejectment to set up an equitable estate, if the equity depended on a disputed question of fact. In *Doe* v. *Pratt*, Doug. 722, he said: "If the trust is doubtful, a court of law will not decide upon it in an ejectment; it must be put into another form of inquiry." Later English authorities fully establish the general rule, that an equitable defence, even when the equity appears by deed or other writing, cannot be set up in defence to a suit at law. *Doe* v. *Staple*, 2 T. R. 684; *Goodtitle* v. *Jones*, 7 T. R. 50; *Roe* v. *Reed*, 8 T. R. 118, 122; *Doe* v. *Wroot*, 8 East 138; *Shannon* v. *Bradstreet*, 1 Sch. & Lef. 67.

In Pennsylvania, an equitable defence is admitted in ejectment; but in that State ejectment is an equitable action, in which all the equitable rights of the parties are considered. *Peebles* v. *Reading*, 8 S. & R. 480. And it would seem that in Virginia an equitable defence may, by statute, be set up in certain specified cases, against the legal title in suits at law. *Davis* v. *Teas*, 3 Gratt. 283. I find

no case decided in any other State, in which an equitable interest has been allowed to defeat the legal title in a suit at law, unless the legal title was obtained by fraud ; and the cases are numerous in which such defences have been rejected. *Jared* v. *Goodtitle*, 1 Blackf. 29 ; *Smith* v. *Allan*, 1 Blackf. 22 ; *Eels* v. *Day*, 4 Conn. 95 ; *Wright* v. *Douglas*, 3 Barb. S. C. 544 ; *Thompson* v. *Weakley*, 5 S. & M. 499 ; *Cheney* v. *Cheney*, 26 Vt. 606 ; *Hammond* v. *Inloes*, 4 Md. 138 ; *Nickles* v. *Haskins*, 15 Ala. 619.

Three cases, decided in this State, are relied on by the defendant to show that he may set up his equitable interest to defeat the legal title of the plaintiff. *Scobey* v. *Blanchard*, 3 N. H. 170 ; *Hadduck* v. *Wilmarth*, 5 N. H. 181, and *Cutting* v. *Pike*, 21 N. H. (1 Fost.) 387.

In each of these cases the legal title on which the plaintiff relied was obtained by a legal fraud ; in two of them by purchase, and in the third by a levy, with notice in each case of the defendant's equitable interest. In *Scobey* v. *Blanchard* the decision is placed distinctly on the ground of fraud in the plaintiff. "Here the demandant," says *Richardson*, C. J., "having full knowledge that the tenant had bought the land, and paid for it, and that he had, in equity, a right to enjoy it, for the purpose of depriving the tenant of this equitable right went and purchased the legal title, and upon the strength of that title he now asks us to aid him in effecting his purpose. This we cannot do. Such being his purpose, his title must be considered as founded in fraud and injustice, and can receive no countenance in a court of law." The case is put on the same ground as that of a purchaser with notice of an unrecorded deed. The legal title, by the express terms of the statute, is with the party who has the deed that is first recorded ; but if he purchased with notice of a prior deed, not recorded, his purchase was a fraud on the party who had the equitable right under the prior unrecorded deed. The party who thus obtains a legal title by fraud, is estopped by the fraud

to set it up against an equitable title, in a suit at law. One reason for the decision in *Scobey* v. *Blanchard* appears to have been that, as the law then stood, the defendant might have been without remedy if he had not been allowed to defend on his equitable title in a suit at law, for there was then no general jurisdiction in equity to which he could resort.

In *Hadduck* v. *Wilmarth* the court rest the decision on the same ground—of the plaintiff's fraud in obtaining the legal title. "The demandant," it is said in that case, " bought a pretended legal title, for the purpose of turning the tenant, who has an equitable title, out of possession, and the case comes within the principle decided in *Scobey* v. *Blanchard.*" In *Hadduck* v. *Wilmarth* the court say, that Hadduck stood in no better situation than the grantor, who sold him the legal title ; but this remark cannot be regarded as an authority for the position that where the defendant has the right to a conveyance under a contract with the owner of the legal title, he may set up his equitable interest against the legal estate ; for in *Hadduck* v. *Wilmarth* the grantor himself would have been estopped to set up his legal title, as he not only stood by and saw the sale made, under which the defendant held his equitable interest, but actually concurred in the sale, and received the consideration, except so much as went to satisfy the taxes and costs.

*Cutting* v. *Pike* was decided on the authority of the two preceding cases, and the facts bring it distinctly within the same principle : to wit, that the legal title having been obtained by fraud, cannot be set up against the equitable interest. Pike had bought and paid for the land, and was in possession under a written agreement which entitled him to a conveyance of the legal estate whenever he should ask for it. The plaintiff claimed under a levy made with notice of Pike's interest, and the attempt to defeat the equitable title by a levy for the debt of him who had the

legal estate, was equally fraudulent with a purchase made to accomplish the same dishonest purpose. The legal estate in *Cutting* v. *Pike*, as in the other two cases, was obtained by fraud, for the purpose of turning the defendant out of his equitable interest.

The grounds of the decision are not stated so clearly and cautiously in *Cutting* v. *Pike* as in the other cases. It falls, however, within the same principle, and the facts of the case are such, that it cannot be considered as an authority for holding that, where the defendant claims an equitable interest by performance of a contract made with the plaintiff himself, he can try the question of fact in a suit at law on an issue to the jury; and if he succeed in proving performance, set up his equitable interest under the contract, to defeat the legal title of the plaintiff.

Formerly the courts of this State had no general jurisdiction in equity, and to prevent a failure of justice there was naturally a strong inclination to recognize equitable rights as far as possible in suits at law. There is no longer any reason for attempting to afford in suits at law the redress which belongs appropriately to the jurisdiction in equity. Where one claims the right to a conveyance of land under an agreement with the owner, he has now a plain, convenient and effectual remedy in equity, to enforce performance of the agreement, and obtain the legal title. There is now no motive for going beyond the former decisions, for the sake of allowing an equitable claim to be tried in a suit at law. The general policy of the law requires that titles to land should be established by deeds, devises, or the decrees and judgments of courts, and not left to the uncertainty of other evidence. It would trench on that policy if, in a suit at law, the defendant, instead of a conveyance, could set up a mere agreement of the plaintiff to convey.

A party who has obtained the legal title to land by fraud, is, according to the decisions in this State, estopped by his

fraud to set up his legal title against an equitable title in a suit at law; but we are not informed of any case in which a mere agreement between the parties for a conveyance, has been allowed to defeat the legal title in a writ of entry; no case which goes the length of admitting the defence set up here; and we see no reason for pressing the doctrine of equitable defences in suits at law beyond the principle of the former decisions.

*Judgment on the verdict.*