No. 66.—Edward O. Sheffield plaintiff in error *vs.* Francis D. Key & Thomas J. Cox, defendants in error.

[1.] Where a Sheriff levied a *fi. fa.* upon a stock of cattle " as they now run, marks and brands not known, but known as the Sheffield stock :" *Held,* that this was not such a levy as the Law contemplates. That there must be a seizure by the Sheriff, or something equivalent to it, and a taking possession by him. An absolute *manu caption* is not necessary, but some sort of custody and control should be taken by that officer, in order to give effect to the special property which he should have in the subject of levy.

Attachment and claim in Baker Superior Court. Tried before Judge Perkins, October Term, 1853.

The attachment, sued out by Edward O. Sheffield, against Francis D. Key in this case was levied as follows by the Sheriff. " Levied on one stock of cattle as they now run, marks and brands not known, but known as the Sheffield stock of cattle as they now run." A claim was interposed to this property by Thomas J. Cox. And upon the trial of the claim, Counsel for claimant moved to dismiss the levy, on the ground of uncertainty. The Court sustained the motion, and this decision is assigned as error.

Lyon, representing Strozier, for plaintiff in error.

Platt & Holt, representing Bower, for defendant in error.

Edward O. Sheffield *vs.* Francis D. Key and Thomas J. Cox.

*By the Court.*—STARNES J. delivering the opinion.

[1.] If in this case the question depended only upon the want of definite accuracy in the entry of the levy, and the description of the property, it could be easily disposed of by the suggestion, that this could be made certain by evidence before the jury. In such case it would be a mere question of sufficiency, or insufficiency of description, and would come within the rule as just stated; and as laid down by this Court in *Collier vs. Vason,* 12 *Geo. R.* 440.

But the difficulty in this case lies back of this; and is found in the character of the levy. This was on a stock of cattle " *as they ran,* known as the Sheffield stock." There was no seizure or anything equivalent to it, as is manifest from the entry itself; no herding and collecting and taking possession of the cattle by the Sheriff or his agents, which in legal contemplation might be regarded as a seizing and taking possession by the Sheriff.

We would not be understood as holding that an absolute *manu caption* was necessary; but there should have been some sort of custody and control which would have served to designate the extent of the intention to seize and take possession, and definitely have marked the bounds of the sheriff's qualified property in the subject of levy. And then the entry on the *fi. fa.* should have corresponded.

The Sheriff, in making a levy "should, from the time of the seizure, either by himself or some other person, keep possession of the goods, otherwise it might happen that they would be liable to be taken on execution." *Wats on Sheriff,* 172. *Blades vs. Arundel,* 1. *M. &. S.* 711. *Achland vs. Paynter* 8. *Price* 95. " When the Sheriff has duly seized goods under a writ of *fieri facias,* he has such a special property in them, as to enable him to maintain trespass, trover" &c. *Wats.* 191.

" But the Sheriff, in order to maintain any action against a person for taking goods seized by him on a *fi. fa.* must continue in actual possession of them." *Watson on Sh.* 191.

It is true, that the reason given by the Court below was not exactly that which we assign. The record represents him, as having dismissed the case, upon the ground that the property was not sufficiently described in the levy. His judgement was right, however, even though it be true, that a wrong reason was given for it, and it is accordingly affirmed.