# Cordaman *v.* Malone.

*Supersedeas of Execution on Forfeited Replevin Bond.*

1. *Lien of attachment, as affected by replevin bond.*—The levy of an attachment on personal property creates a lien, and places the property in the custody of the law; and the execution of a replevin bond neither destroys nor impairs this lien.

2. *Levy of junior attachment after replevy.*—When the property has been replevied, it is nevertheless still in the custody of the law, and the sheriff has no authority to levy a junior attachment on it.

3. *Remedy of sureties on replevin bond, for wrongful second levy.*—If a junior attachment is levied on the property after it has been replevied, the sureties on the replevin bond may interpose a claim, and try the right of property under the statute; and if the sheriff refuses to entertain the claim, on the ground that he has returned the attachment papers to court, the sureties may, by *mandamus,* compel him to receive and file their affidavit and bond.

4. *Discharge of sureties on replevin bond.*—When the property is taken from the sureties on the replevin bond, under a junior attachment, and delivered to the plaintiffs in that attachment, by whom it is removed and sold, the sureties on the replevin bond are discharged from their liability, and may supersede and quash a summary execution issued against them.

5. *Remedy of plaintiffs in first attachment.*—In such case, the plaintiffs in the first attachment have their remedy against the sheriff, for his unauthorized act in taking the property under the junior attachment, and may, possibly, maintain an action for money had and received against the plaintiffs in that attachment.

APPEAL from the Circuit Court of Pike.

Tried before the Hon. H. D. CLAYTON.

This was a petition by F. M. Cordaman, to supersede and quash an execution issued against him, M. A. Wood, and David Barr, in favor of J. B. Knox and G. Y. Malone, as sur-

[Cordaman v. Malone.]

viving partners of the late firm of Knox, Malone & Knox.
The averments of the petition, and the accompanying ex-
hibits, show the following facts :  On the 14th October, 1874,
said Knox and Malone, as surviving partners, sued out an
attachment, before the clerk of the Circuit Court, against
David Barr, claiming $200 for rent due on the 1st November,
1874 ; and the attachment was levied, on the next day, on
5,474 pounds of seed-cotton.  On the 20th October, 1874, the
property was replevied by said Barr, Cordaman and Wood
becoming his sureties on the replevin bond; and by agree-
ment between them and the sheriff, H. R. Segars, the cotton
was "to remain in the possession, custody, and control of
said Cordaman," in the gin-house of J. P. Wood & Brother
in said county.  On the 8th December, 1874, Coleman &
Wiley, a mercantile partnership in said county, also sued
out an attachment against said David Barr (together with
one J. W. Barr), which was levied by J. W. Scarborough, the
successor of Segars in the office of sheriff, on the same cot-
ton ; and the petitioner averred, on information and belief,
that this levy was made, and the cotton was removed from
the warehouse of said Wood & Brother, "with notice and
knowledge on the part of the said sheriff and said Coleman
& Wiley that the same was attached by Knox & Malone, and
that said replevy bond had been given ; that said Scarbo-
rough, at the time of the levy of said attachment by him,
knew, or was informed, and had notice, or had reason to be-
lieve, and upon ordinary diligence could have ascertained,
that said cotton, levied on by him, was the same that said
Segars levied on at the suit of said Knox & Malone.  Soon
after the said levy by said Scarborough, petitioner informed
him that said cotton was the same levied on by said Segars
at the suit of Knox & Malone, and that it had been replevied
as herein set forth ; and the petitioner and his attorney di-
rected, notified, and requested said Scarborough to hold and
keep said cotton subject, liable to, and by virtue of said at-
tachment of Knox & Malone, informing him that petitioner
was surety on a replevin bond for the cotton in that suit ;
which request, notification and direction were made while
said Scarborough was in possession of said cotton under said
levy by him."  Afterwards, on the 30th December, 1874, the
petitioner (said Cordaman) made the statutory affidavit as
claimant, and signed a statutory bond with two sureties, to
try the right of property in the cotton, and presented them
to the sheriff, who refused to accept them, "stating in sub-
stance, as a reason therefor, that he had returned the papers
to court, or to the clerk, and he had nothing more, or would
have nothing more to do with the matter."  Afterwards, and

[Cordaman v. Malone.]

before any forfeiture of said replevin bond, or return of forfeiture thereof, "said Scarborough permitted said Coleman & Wiley to take the custody, control, and care of said cotton,, or delivered the same to them; and they, or their agent, sold said cotton, and received the benefit of the sale, and it was by them, or through their instrumentality, it was shipped or sent out of the State of Alabama;" and all this was done before the rendition of judgment in the attachment suit of Knox & Malone, and before any forfeiture of said replevin bond, or return of forfeiture. Afterwards, in vacation, Coleman & Wiley dismissed their attachment; and at the ensuing April term, 1875, judgment by default was rendered in favor of the plaintiffs in the attachment suit of Knox & Malone. On the 27th May, 1875, the sheriff (Scarborough) returned the replevin bond forfeited; and an execution was thereupon duly issued by the clerk against said Barr, Cordaman and Wood, which was levied on lands belonging to said Cordaman, and which he sought to supersede by his petition in this proceeding. The petition alleged, also, 'that the sheriff (Scarborough) was indemnified by Coleman & Wiley.

The Circuit Court sustained a demurrer to the petition, and dismissed it; and its judgment is now assigned as error.

JOHN P. HUBBARD, for the appellant, cited *Edwards v. Lewis*, 16 Ala. 813; *Dunlap v. Clements*, 18 Ala. 778; *McRae & Augustine v. McLean*, 3 Porter, 138; *Rives & Owen v. Wilborne*, 6 Ala. 49.

OATES & DENT, with W. D. ROBERTS, *contra*, also cited 3 Porter, 138; 6 Ala. 45; and *Hagan v. Lucas*, 10 Peters, 400.

STONE, J.—Property levied on under attachment is thereby placed under a lien, which is perfected, and made available, when the attachment suit ends in a judgment for the plaintiff. Pending the suit, the defendant, or even a stranger, may replevy the property, and take it out of the actual custody of the sheriff. This, however, is a mere inexpensive mode of preserving the property until it is wanted for the payment of the judgment that may be rendered. Till the bond is forfeited, the property is in the custody of the law, and the lien is neither destroyed nor impaired.—Code of 1876, §§ 3280, 3289, 3291, 3325, 3326; *McRae & Augustine v. McLean*, 3 Porter, 138; *Rives v. Wilborne*, 6 Ala. 45; *Lusk v. Ramsay*, 3 Munf. 417; 1 Brick. Dig. 162.

Under these well-settled principles, the averments of the petition in this case clearly lead to the following conclusions: *First:* That by the prior levy of Knox & Malone's attach-

ment on the cotton, they acquired a lien, which was made effectual by the judgment they afterwards recovered; and by virtue of their prior levy, they acquired a right to have the cotton sold, and to enjoy the proceeds, paramount to the claim asserted by Coleman & Wiley. *Second:* After the cotton was replevied, the sheriff had no authority to seize and remove the cotton under a junior attachment, because it was in the custody of the law.—*Kemp & Buckey v. Porter*, 7 Ala. 138. When the succeeding sheriff seized the cotton, under the junior attachment, it was the clear right of the sureties in the replevin bond to interpose a claim to the cotton, and to have a trial of the right under the statute.—Code of 1876, §§ 3341, 3290. *Third:* The claimants (sureties in the replevin bond) could have compelled the sheriff, by *mandamus*, to receive and file the affidavit and claim-bond, if legally sufficient, and to have desisted from further proceedings under his said levy, until the claim suit was disposed of. In the mean time, the claimant would, by force of such claim, be entitled to the possession and custody of the property. The return of the attachment, before the affidavit and claim-bond were presented, did not justify the sheriff in refusing to recognize the claim.

It will thus be seen that, according to the averments of the petition, the proceedings by which Coleman & Wiley obtained control of the cotton and its proceeds, were grossly irregular, and without any warrant of law. The case went off in the court below on demurrer sustained to the petition. This was an admission that all its material averments were true. Taking them as true, Knox & Malone were the landlords of Barr, and sued out their attachment for rent and advances sworn to be due, and had it levied in October on cotton grown on the rented premises. Soon afterwards, and in October, the cotton was replevied, Cordaman and Wood becoming sureties on the replevin bond. The attachment of Coleman & Wiley was issued in December, and was levied on the same cotton. Cordaman made the proper affidavit of claim, and tendered it and a claim-bond to the sheriff who had made the second levy; but the sheriff refused to receive them, saying he had returned the attachment papers to court. Failing to have his claim entertained, the claimant avers that the sheriff was notified that the cotton was the same which had been seized and replevied under the first attachment; and the sheriff was then requested to retain the cotton under the lien of the first attachment. The sheriff, in disregard of this knowledge and request, permitted Coleman & Wiley to take possession of the cotton, and remove and sell it. Coleman & Wiley thereupon dismissed their

attachment in vacation; but, at the Spring term afterwards, Knox & Malone reduced the claim in their attachment suit to judgment. The cotton attached not being delivered to the sheriff within thirty days after the judgment, the sheriff indorsed the replevin bond forfeited, and execution was thereupon issued against Barr and his sureties on the replevin bond. The object of the present proceeding is to supersede and quash that execution.

In *McRae & Augustin v. McLean*, 3 Porter, 138, the questions presented and decided are not distinguishable from those raised in this record. It was ruled in that case, that the sureties in the replevin bond were released by the failure of the sheriff, when requested by the sureties, to retain the property and apply it, or its proceeds, to the first attachment. The case was well considered, and it has stood without assault, so far as we can learn, to the present time. It was quoted without dissent in *Rives v. Wilborne*, 6 Ala. 45. See, also, *Dunlap v. Clements*, 18 Ala. 778; *Hagan v. Lucas*, 10 Peters, 400; *Lusk v. Ramsay*, 3 Munf. 417. We are unwilling to depart from that case, which has stood as a guide for so many years. *Stare decisis.*

We are aware that, in this ruling, a seeming hardship is cast on Knox & Malone, without perceptible fault on their part. If the averments of the petition be true, they have recourse on the sheriff, for permitting the cotton to be delivered to Coleman & Wiley, and carried from the State; and certainly Coleman & Wiley have no right to the proceeds, as against Knox & Malone. Possibly, an action would lie for money had and received against them. In any point of view, taking the facts before us as a guide, the sheriff is without excuse. If, under the facts averred, Cordaman and Wood had been adjudged to pay for the cotton not delivered on their bond, the sheriff would have been liable to them, in a proceeding analogous to an action on the case, for the injury his unauthorized act inflicted on them; and this liability would probably extend to and embrace all persons who received the profits of his wrong, or knowingly aided him in their diversion from Knox & Malone's rightful, paramount claim.

The Circuit Court erred in sustaining the demurrer to the petition for *supersedeas.*

Reversed and remanded.