# Scarborough *v.* Malone *et als.*

### *Action on Official Bond of Sheriff.*

1. *Attachment lien; replevy.*—Replevy of property attached, does not destroy or impair the lien created by the attachment.

2. *Same; levy of second attachment; when wrongful.*—The subsequent levy of a second attachment, not in subordination to the lien of the first attachment, is wrongful, and it is wrongful for the sheriff to deliver the property to the plaintiffs in the second attachment.

3. *Levy of second attachment; delivery of property to plaintiffs in; sureties on replevin bond, when discharged.*—The levy of a second attachment, and the delivery of the property to the plaintiffs in the second attachment, discharges the sureties on the replevin bond in the former attachment from all liability. (*Cordaman v. Malone,* 63 Ala. cited and approved.)

4. *Attachment; liability of sheriff for non-feasance or misfeasance.*—A sheriff is liable for misfeasance or nonfeasance in the exercise of the powers conferred on him by law. And, where a sheriff seized property under a junior attachment, taking it from the possession of the sureties on the replevin bond in the first attachment, and thereby discharging them from their liability on such bond. *Held,* It was the duty of the sheriff to keep the property safe, so that it would be forthcoming to answer the first levy which was the prior lien. *Held further,* That the neglect of such duty was nonfeasance; and the delivery of such property to the plaintiffs in the second attachment suit, whereby they were enabled to exercise ownership over it, so that it could not be reached and subjected to the prior lien, was misfeasance, rendering the sheriff liable to the plaintiffs in the first attachment for all the damages they sustained.

5. *Sheriff; notice to, of levy by his predecessor, necessary to fix his liability.* Where a prior levy is made, not by a sheriff but by his predecessor in office, notice to him of such levy is necessary to fix his liability.

6. *Same; notice to deputy, when equivalent to notice to sheriff.*—Notice to a deputy, appointed by a sheriff, and authorized to make a levy of an attachment, at the time he makes such levy and takes possession of the property, of the existence of a former lien, is notice to the sheriff.

7 *Attachment lien; ownership of property.*—The ownership of chattels is not divested by the levy of an attachment. The levy creates an inchoate lien, dependent on the judgment. If the judgment is obtained, the lien relates back to the levy, and is superior to all subsequent liens, alienations, or transfers.

8. *Charge of court, when no conflict in the evidence.*—Where the evidence is without conflict, it is the duty of the court to refer its credibility to the jury, and, on request, to charge directly on the effect of such evidence.

APPEAL from the Circuit Court of Pike.

Tried before the Hon. H. D. CLAYTON.

Appellees, George T. Malone and C. J. Knox, as surviving partners of the firm of Knox, Malone & Knox, brought this

[Scarborough v. Malone et al.]

action against appellant in August, 1880, for five hundred
dollars, with interest from the 1st of November, 1876, for
damages for the breach of appellant's bond as sheriff of Pike
county.  The sureties on this bond were not joined as par-
ties defendant.  The breach alleged is that appellant, while
in the discharge of his duty as sheriff aforesaid, levied an at-
tachment in favor of Coleman & Wiley, against D. D. Barr
and J. W. Barr, upon four bales of cotton ; that before the
time this levy was made the same property had been levied
upon by one Segars, the predecessor of appellant in the office
of sheriff, under an attachment for rent in favor of appellees
as surviving partners aforesaid.  That at the time appellant
made said levy he knew of the prior levy by his predecessor
in office, and that after appellant had made said levy and ob-
tained possession of the cotton aforesaid, he permitted the
same to be taken by Coleman & Wiley, who sent the cotton
out of the State, and that the attachment suit of appellees
resulted in a judgment against said Barr, and which was
wholly unsatisfied.  The complaint further alleges that the
attachment suit of Coleman & Wiley had been dismissed by
the plaintiffs therein.

All of the material facts alleged in the complaint were sub-
stantiated by the evidence.  It was shown that the cotton
levied on under the attachment issued in behalf of appellees
had been levied upon said cotton, and that the same had been
replevied by Barr, who, by agreement, had left it in the pos-
session of one Cordaman, one of the sureties on the replevin
bond, to be held by him to await the result of the first attach-
ment suit ; that the deputy of appellant, one Golson, came to
said Cordaman and demanded said cotton ; that when such
demand was made said deputy was informed that said cotton
had been levied on at the suit of appellees, had been re-
plevied, and was held by said Cordaman as surety on the re-
plevin bond.  It was further shown that said deputy took
said cotton and carried it to Troy, where said Coleman &
Wiley did business, and deposited in a warehouse there ;
that Coleman & Wiley obtained the receipts of said cotton
and delivered them to the warehousemen, and at their direc-
tion the cotton was shipped out of the State, Coleman &
Wiley indemnifying warehousemen therefor.  This was sub-
stantially all the evidence.  The defendant objected to the
evidence of notice to the deputy sheriff of the levy of the first
attachment, but the court overruled the objection.  Upon
this evidence the court, at the request of the plaintiff, charged
the jury that if they believed the evidence, they must find for
the plaintiff.

The giving of this charge, and the admission of the testimony objected to, are here assigned as error.

M. N. CARLISLE, for appellants.

W. H. PARKS, and JNO. D. GARDNER, for appellees.

BRICKELL, C. J.—In *Cordaman v. Malone*, 63 Ala. 556, we held the levy of the attachment of Knox and Malone, created a prior lien on the cotton, to recover the value of which is the object of the present action; that the replevy of the cotton did not destroy or impair the lien; that the subsequent levy of a second attachment, not in subordination to the lien of the first was wrongful; that it was wrongful in the sheriff to deliver the cotton to the plaintiffs in the second attachment; and that the second levy and delivery of the cotton to the plaintiffs in that attachment, discharged the sureties in the replevin bond from all liability.

A sheriff is liable for nonfeasance, or misfeasance, in the exercise of the powers entrusted to him by law, or in the discharge of the official duties imposed by law. Having seized the cotton under the junior attachment, taking it from the possession of the sureties in the replevin bond, thereby discharging them from liability, it was the duty of the appellant to keep it safely, so that it would be forthcoming to answer the first levy which was the prior lien. The neglect of this duty was nonfeasance, and the delivery of the cotton to the plaintiffs in the second attachment, whereby they were enabled to exercise ownership over it, sending it without the State, so that it could not be reached and subjected to the prior lien, was misfeasance rendering him liable to the plaintiffs in the first attachment for all the damage they sustained. *Griffin v. Isbell*, 17 Ala. 184.

The prior levy not having been made by appellant, but by his predecessor in office, notice to him of the levy, and that the cotton was in fact then in the custody of the law, subject to the lien of the first attachment, was necessary to fix his liability. Notice to the deputy he had appointed and authorized to make the levy, at the time he made the levy, and took possession of the cotton, was notice to the appellant, whether the deputy, as he was in duty bound, communicated it to him or not. It is a necessary and elementary principle, that notice to an agent acting in the line of his authority, while transacting the business of the principal, is notice to the principal. Whoever employs, and authorizes another to act for him, is subjected to all the consequences which would attach, if in person he had transacted the business the agent trans-

acts.—Wharton on Agency, § 177. The evidence of Wood, and of Nall, that they informed the deputy of the levy of the first attachment, and that it was in the possession and care of Cordaman, one of the sureties in the replevin bond, was proper and admissible, and the court below would have erred if the objection made to it had been sustained.

The ownership of chattels is not divested by the levy of an attachment. The levy, however, creates an inchoate lien dependent upon the judgment. If judgment is obtained, the lien relates back to the levy, overriding and superior to all subsequent liens and all alienations, or transfers, the owner may make. No instructions Barr may have given either the warehouseman, with whom the cotton was deposited, or the appellant, as to turning over the cotton to Coleman & Wiley, or making any other disposition of it, could relieve the appellant from the duty of holding and keeping it subject to the lien created by the levy of the first attachment. Barr's ownership, his power of the disposition of the cotton, was subject and subordinate to that lien, and it was a wrong in whoever had notice of it, to yield obedience to his instructions, if the effect was to impair it. There was no error, consequently, in excluding the evidence offered by the appellant.

The evidence was without conflict; the charge of the court refers its credibility to the jury, and if believed, it was clearly sufficient to support the action. In such case, it is the duty of the court, on request, to charge directly on the effect of the evidence.

We find no error in the record, and the judgment is affirmed.