# Bolling & Son *v.* Vandiver & Co.

*Bill in Equity for Foreclosure of Mortgage, Appointment of Receiver of Mortgaged Property in hands of Sureties on Replevin Bond, &c.*

1. *When mortgagee may ask foreclosure and receiver.*—A mortgagee may file a bill to foreclose, although his mortgage contains a power of sale; and if an execution against the mortgagor, subsequent in lien to the mortgage, has been levied on the personal property conveyed, horses, mules and crops, and a forthcoming bond with sureties has been executed by the mortgagor, who is alleged to be insolvent, he may ask the appointment of a receiver.

2. *Misjoinder of defendants.*—If unncessary parties are made defendants to a bill, they may object, but the other defendants can not complain of the misjoinder.

[Bolling & Son v. Vandiver & Co.]

3. *Forthcoming bond; discharge of sureties.*—If the defendant in execution procures the restoration of property which has been levied on, by executing a forthcoming bond with sureties, and it is afterwards taken under a paramount title or lien, or under valid judicial proceedings, the obligation of the bond is discharged, and the sureties are released.

4. *Extent of relief in equity.*—When a court of equity has acquired jurisdiction of the subject-matter by a bill properly filed, and all the parties interested are before the court, it will adjust and settle the whole controversy without remitting the parties to a legal remedy as to any part.

5. *Levy of execution; description of property.*—The levy of an execution on "one hundred bales of cotton, more or less," in the absence of a more exact description, "would seem to be too indefinite and uncertain;" but, if a forthcoming bond is executed for "one hundred bales of cotton," the defect in the levy is healed as to the obligors.

6. *Parol evidence varying writing.*—The sureties on a forthcoming bond can not avoid or lessen their liability by proof of an oral agreement between the defendant in execution and the sheriff, at or before the levy was made, reserving some of the property therein specified from the operation of the levy, or otherwise changing its terms.

7. *Estoppel by bond.*—The sureties on a forthcoming bond are estopped from alleging or showing that the levy of the execution, as indorsed, was fictitious in whole or in part.

APPEAL from the Chancery Court of Bullock.

Heard before the Hon. JOHN A. FOSTER.

The original bill in this case was filed on the 17th December, 1888, by W. F. Vandiver & Co., a mercantile partnership in Montgomery, against R. E. Bolling & Son, Lehman, Durr & Co., Goetter, Weil & Co., J. E. Latham, and others; and sought principally to have a receiver appointed to take possession of certain mules and horses, crops of cotton and corn, on which complainants held a mortgage executed to them by said Latham, and on which the sheriff had levied an execution in favor of R. E. Bolling & Son, judgment creditors of said Latham; also, to foreclose the complainants' mortgage, and to determine the relative priorities of the several parties to payment out of the proceeds of sale, mortgages also being held by Lehman, Durr & Co., and by Goetter, Weil & Co. The mortgage to Lehman, Durr & Co. was executed on the 10th of January, 1888; that of complainants on 20th of March, 1888, and that of Goetter, Weil & Co. on the 21st of April, 1888. The judgment of Bolling & Son was rendered on the 16th of August, 1888, and execution issued on it was levied on the property in controversy on the 22d October, 1888. Latham gave a forthcoming bond for the property, with J. A. Paulk and J. M. Ellis as his sureties; and the sureties were joined as defendants to the bill.

Bolling & Son demurred to the bill for want of equity, and because complainants had an adequate remedy at law. Paulk and Ellis, after answering, filed a cross-bill, asking to be dis-

[Bolling & Son v. Vandiver & Co.|

charged from liability on the forthcoming bond, because the receiver, appointed on the filing of the bill, had taken possession of the property. Bolling & Son filed a demurrer to the cross-bill, which the chancellor overruled; and they set up several defenses by answer. Answers were filed by Lehman, Durr & Co., and Goetter, Weil & Co., setting up their respective mortgages. The chancellor rendered a decree foreclosing the several mortgages, and discharging Paulk and Ellis from liability on the forthcoming bond.

The appeal is sued out by Bolling & Son, and they assign as error the overruling of their demurrer to the original bill, and the decree rendered on the cross-bill.

NORMAN & SON, for appellants, contended that the sureties on the forthcoming bond were not discharged on the facts shown by the record, and cited the following cases: *Garrett v. Lehman, Durr & Co.*, 61 Ala. 387; *Cawthorn v. McGraw,* 9 Ala. 526; *Mead v. Figh,* 4 Ala. 281; *Meredith v. Richardson,* 10 Ala. 386; *Russell v. Bartlett,* 3 Hill, 570; *State v. Bank,* 61 Ill. 343; 5 N. & Man. 378; 3 Ad. & El. 868; 4 H. & M. 180; 4 Cold. Tenn. 436; 10 John. 27; *Haden v. Tucker,* 38 Ala. 399.

ARRINGTON & GRAHAM, *contra,* cited Herman on Executions, 383–4, § 238; *Mullins v. Johnson,* 3 Humph. 393; *Cotton v. Carlisle,* 85 Ala. 175; *Marks v. Robinson & Ledyard,* 82 Ala. 69; *Glover v. Taylor,* 41 Ala. 124; *Cordaman v. Malone,* 63 Ala. 566; 79 Ala. 590; *Davis v. Cook,* 65 Ala. 617.

STONE, C. J.—In August, 1888, R. E. Bolling & Son recovered a judgment against J. E. Latham. Execution issued for the collection of such judgment, and the sheriff, on the 22d October, 1888, entered thereon a levy, affirming that he had levied on mules and horses, corn and cotton. If there was any of the corn or cotton ungathered, the levy and return do not show it. Execution can not be levied on growing or ungathered crops, except for the purpose of enforcing certain liens.—Code 1886, § 2893. The present case does not fall within the exceptions.

On the day next after the indorsed levy, Latham, with Paulk and Ellis as his sureties, entered into a replevin bond, payable to Bolling & Son, reciting the levy of said execution, and binding themselves "to deliver the property so levied upon to the proper officer, by 12 o'clock noon of the 10th day of January, 1889, in front of the probate office in the town of Union Springs."

On the 20th day of March, 1888, Latham and his wife executed to W. F. Vandiver & Co. two notes, each for one thousand dollars, due severally 15th October and 15th November, 1888. On the same day they executed a mortgage to secure the payment of the notes, with power of sale in case of default. The mortgage conveyed most of the mules and horses levied on, and the corn and some other crops. To what extent the cotton was conveyed to Vandiver & Co., is not accurately shown.

Prior to the execution of the mortgage to Vandiver & Co., Latham had executed a mortgage to Lehman, Durr & Co., conveying his crops and other property, to secure a debt therein recited; and in April, 1888, he executed a mortgage to Goetter, Weil & Co., to secure a debt recited to be due to them. All these mortgages were older leins on Latham's crops and stock of mules and horses, than Bolling & Son could claim under their execution levy.

In December, 1888, after default in paying the notes to Vandiver & Co., they, Vandiver & Co., filed the original bill in this cause. The purpose of the bill was to foreclose their mortgage, collect their demand, and, as an incident, to wrest the mortgaged property from the custody of Latham and his sureties, Paulk and Ellis, to preserve it in the hands of a receiver, and to prevent a sale under Bolling's execution, until they, Vandiver & Co., realized what was due to them.

There can be no question that, situated and imperilled as the property had become, Vandiver & Co. were fully justified in the steps they took to enforce their lien, and collect their demand. They had a right to go into equity to foreclose their mortgage, notwithstanding their mortgage contained a power of sale.—3 Brick. Dig. 652, §§ 273 *et seq.* And the levy of Bolling's execution, the forthcoming bond, and Latham's insolvency, authorized the appointment of a receiver, and the placing of the property under his administration. To this Bolling & Son, Latham, Paulk and Ellis, were necessary parties. To this extent, there can be no question that the bill was well filed. If unnecessary parties defendant were brought in—upon which question we decide nothing—those unnecessary parties so brought in could object to it. It furnished no defense to Bolling & Son.— *Ware v. Curry,* 67 Ala. 274; *Campbell v. Davis,* 85 Ala. 56.

After Vandiver's bill was filed, and after such of the property as could be obtained was taken from the possession of Latham, Paulk and Ellis, and placed in the custody and control of the receiver, Paulk and Ellis filed a cross-bill in said cause, against Bolling & Son, and prayed to have them enjoined from having said forthcoming bond returned forfeited, and, further,

[Bolling & Son v. Vandiver & Co.]

that cross-complainants be discharged from all liability on said bond. The chancellor granted this relief, discharged the sureties, Paulk and Ellis, and awarded a perpetual injunction against the return of the forthcoming bond forfeited. The chancellor's rulings on the cross-bill present the questions chiefly relied on for reversal.

We concur with the chancellor, in holding that, when the property levied on has been restored to the defendant, on the execution by him of a forthcoming bond with sureties, if such property is afterwards taken from them under a paramount title or lien, or under valid judicial proceedings, this excuses them from the delivery of the property, and discharges the obligation of the bond, so far as to render invalid a return of forfeiture by the levying officer. The law will not punish the failure to do that which itself has rendered impossible to be performed.—*Cole v. Conolly*, 16 Ala. 271; *Glover v. Taylor*, 41 Ala. 124; *Cordaman v. Malone*, 63 Ala. 556.

Many reasons are urged why this rule should not apply in this case; at least, to the extent invoked and granted. *First*, it is objected, that equity has no jurisdiction of the question raised, but that relief should have been sought at law. We will show further on that relief at law would probably be inadequate. But there is another reason why this objection can not prevail in this case. Vandiver & Co., as we have shown, rightly filed their original bill, and made a case for equitable interposition. The subject-matter, and all the parties interested in it, were brought before the court in that suit, and rightly and necessarily so brought before the court. Having thus acquired jurisdiction of the subject-matter and parties, the Chancery Court will retain the cause, and adjust the whole controversy.—3 Brick. Dig 331, §§ 10, 11. There is nothing in this objection.

Under the Bolling execution, the sheriff indorsed, first, a levy on the mules and horses, and then added as an additional levy, "1000 bushels corn, 100 bales of cotton, more or less." The replevin or forthcoming bond is for the delivery, not only of the mules and horses, but of "one thousand bushels corn, and one hundred bales of cotton." The record shows that the receiver acquired possession of much less than one thousand bushels of corn, and much less than one hundred bales of cotton. On this state of facts, which seems to be indisputable, the appellant Bolling contends, that while the order and decree of the court which deprived Latham, Paulk and Ellis of the possession and power to deliver to the sheriff the personal property they bound themselves to deliver, to the extent that order took the property out of their possession, this defense

can not embrace the deficit in the quantity of corn and cotton named in the bond, which was not taken from them by the receiver; in other words, that the defense is only partial, and only extending to so much of the corn and cotton as reached the hands of the receiver. And it is claimed, as the result of this contention, that the bond is forfeited, and the sureties liable for the value of that part of the thousand bushels of corn and the hundred bales of cotton, which the receiver did not recover.

Against this contention, the appellees, Paulk and Ellis, reply, first, that the levy on the cotton—"100 bales, more or less"—is void for uncertainty. If the question rested alone on the sufficiency of this indorsement, we would be inclined to hold the point well taken. To constitute a valid levy on personal property, the property must be so described as that it can be claimed and taken possession of; and it must be brought under the dominion of the levying officer. "One hundred bales of cotton, more or less," would seem to be too indefinite, in the absence of a more exact description.— *Waters v. Duvall*, 6 Gill & J. 76; *Fitzhugh v. Hellen*, 3 H. & J. 206; *Clarke v. Belmear*, 1 Gill & J. 443; *Ellis v. Day*, 4 Conn. 95; *Mullins v. Johnson*, 3 Humph. 396; Note to *Hollister v. Goodale*, 21 Amer. Dec. 677; *Portis v. Parker*, 58 Amer. Dec. 95; *Tafts v. Manlove*, 73 Amer. Dec. 610; *Abrams v. Johnson*, 65 Ala. 465; Herman on Executions, § 238; 2 Freeman on Ex., §§ 260, 262, 263; Murf. on Sheriffs, § 523; Harlow on Sheriffs, § 99. See, also, *Collier v. Vason*, 12 Ga. 440; *Sheffield v. Key*, 14 Ga. 528. The description, however, is made definite in the forthcoming bond. Its obligation is to deliver "one hundred bales of cotton." This heals the imperfection in the indorsement of the levy.

It is disclosed in the record before us that the sheriff did not take control of the property specified in his return. He did not even see it. The defendant furnished a list of the property, consented that he might indorse the levy on the execution, and then executed the replevin, or forthcoming bond, binding himself and sureties to have the property forthcoming on the day mentioned in the bond. In the cross-bill of Paulk and Ellis it is averred, that when the list of property was furnished to the sheriff for levy, certain bales of cotton then ginned, packed, and ready for shipment, were reserved from levy, and were not included in the levy furnished by Latham to the sheriff. This, it is averred, was the oral agreement between the sheriff and Latham. It is then averred that the corn and cotton, for the levy on which Latham furnished the information, consisted of the crop of corn at that time ungathered,

and of such part of the cotton crop, then not ginned, and chiefly outstanding in the field, which was in excess of the bales then packed and ready for shipment. And it is averred that all the corn and cotton that was actually levied on was, pursuant to the prayer of Vandiver's bill, taken out of the control of Latham and his sureties, and placed in the hands of the receiver. On these averred facts, the contention is based, that Paulk and Ellis are entitled to relief from all liability under the replevin bond. There was a demurrer raising the question of the sufficiency of these averments as a ground of relief. The truth of the alleged oral agreement was also denied. The sheriff testified that there was no such agreement, but there was testimony tending to establish the truth of the averments of the cross-bill as to the alleged oral reservation. We need not decide this disputed question of fact.

We have shown above that Latham and his sureties, Paulk and Ellis, executed the replevin bond, reciting that the execution had been levied on one thousand bushels of corn and one hundred bales of cotton, and binding themselves to have it forthcoming on the day appointed for the sale. This was their solemn, written contract, taken and approved by the sheriff in the performance of an official duty. The defense attempts to set up a contemporaneous oral agreement, varying the terms of the written agreement. This the law will not permit. 3 Brick. Dig. 413, §§ 97 *et seq.*

But there is another principle fatal to this defense, which is alike supported by authority, and by the soundest principles of public policy. When a replevin or forthcoming bond is executed, reciting a levy on specified property, and binding the bondsmen to have it forthcoming on the day of sale, proof will not be received that there was no such property. It is no defense in such case that the levy was fictitious.—*Jemison v. Figh*, 4 Ala. 279; *Cawthorn v. McCraw*, 9 Ala. 519; *Meredith v. Richardson*, 10 Ala. 828, 836; *Rhodes v. Smith*, 66 Ala. 174; *Cooper v. Peck*, 22 Ala. 406; *Roswald v. Hobbie*, 85 Ala. 73. The strongest phase of the defense relied on in this case is, that the acknowledged levy on the corn and cotton was in excess of the true quantity of each of the said articles of property then owned by Latham, and, hence, in excess of the true levy; in other words, that the levy was in part fictitious. We have shown that, if the levy had been entirely fictitious, the bondsmen would be estopped from setting it up in defense. No argument can be sound which claims a different rule, when, as in the present case, the levy is fictitious only in part.

This case is, then, reduced to the following propositions:

The bondsmen are estopped from denying that they bound themselves to deliver to the sheriff one thousand bushels of corn and one hundred bales of cotton. Part of the corn and part of the cotton they have been enjoined from delivering, under the decree rendered in Vandiver's suit. To the extent they have been so enjoined, and no further, they have shown a good defense to the delivery bond. This leaves them liable for all the *residuum* of the one thousand bushels of corn and one hundred bales of cotton, over and above the quantity of each which, under the Vandiver suit, went into the receiver's hands, and was otherwise disposed of. We have thus shown that the replevin bond is not entirely forfeited, and that the sureties thereon have established a partial defense. An account before the register is necessary to ascertain the extent of their liability. They had not a plain and adequate remedy at law.—*Dunlap v. Clements*, 18 Ala. 778.

The decree of the chancellor is reversed, so far as the ruling on the cross-bill of Paulk and Ellis is concerned, and a decree here rendered directing the register to take and state an account against Paulk and Ellis, in favor of Bolling & Son, charging them with the value of one thousand bushels of corn and one hundred bales of cotton, at the date of the maturity of the replevin bond, less the quantity of each which went into the hands of the receiver; and he will compute interest on such value till the coming in of his report. But no liability will be fastened on the sureties, further than may be necessary to liquidate the proper claims of Bolling & Son. He will report to the chancellor, who will make all needed orders in the premises.

Let Paulk and Ellis pay the costs of this appeal.

Reversed, rendered in part, and remanded.