# Kennedy *v.* Mary Lee Coal & Railway Company.

*Bill in Equity by Purchaser at Tax-Collector's Sale, to compel Transfer of Stock on Books of Corporation.*

1. *Shares of stock in corporation; liability to levy and sale for taxes.* Shares of stock in a private corporation are by statute made subject to levy and sale under attachment or execution (Code, §§ 1679, 1673), but they are not subject to levy and sale by the tax-collector for unpaid taxes assessed against the owner.

APPEAL from the City Court of Birmingham, in equity.
Heard before the Hon. H. A. SHARPE.

The bill in this case was filed on the 1st November, 1889, by John S. Kennedy, against the Mary Lee Coal and Railway Company, a corporation organized under the laws of Alabama, and against Mrs. Helen Winn and her daughter, Mary Lee Boyle; and sought to compel said corporation to enter on its books a

transfer of twenty shares of stock, which the complainant claimed to have bought at a sale by the tax-collector for taxes assessed against said Mary Lee Boyle, and which Mrs. Winn claimed under assignment or transfer by her said daughter. The tax-collector's certificate to complainant, as the purchaser at the sale, which was dated October 4th, 1889, stated that he levied on the shares of stock on the 24th of September, 1889, for taxes assessed against said Mary Lee Boyle for the year 1888. The court dismissed the bill, on motion, for want of equity, and its decree is here assigned as error.

KENNEDY & HICKMAN, for appellants, cited Code, §§ 542, 459, 1669, 1673; *Solomon v. Willis*, 89 Ala. 596; Cooley on Taxation, 15; *Jackson County v. Gullatt*, 84 Ala. 243.

MARTIN & McEACHIN, *contra*.

CLOPTON, J.—The equity of the bill involves the authority of the tax-collector to levy on and sell shares of stock in a private corporation, for the payment of the delinquent taxes assessed against the owner. The authority is claimed under sections 540, 1669, and 1673 of the Code. Section 1669 declares: "Shares or interests in the stock of private corporations are personal property, transferrable on the books of the corporation in such manner as is required by the by-laws, or by the rules and regulations of the corporation." Section 540 requires the tax-collector to proceed without delay, after the first day of January of each year, to levy on personal property of delinquent tax-payers for the payment of their taxes, and to sell the same after having given the notice prescribed by the statute.

Though the modern decisions have relaxed to some extent the strictness of the earlier common-law rules respecting levies on personal property, still, as a general rule, it is essential to a valid levy that the officer have a view of the property, and assume dominion over it, or bring it under his control, by such acts as would constitute him a trespasser but for the protection of the process; and so that he may have it present on the day, and at the place of sale, for delivery to the purchaser.—*Abrams v. Johnson*, 65 Ala. 465; *Goode v. Longmire*, 35 Ala. 668. Shares of the stock of a corporation are intangible, and incapable of manucaption and delivery; the officer can not take possession or control for the purpose of a sale, and consequent delivery to the purchaser; so that, at common law, being considered mere *choses* in action, they were not subject to levy and sale under execution. The de-

[Kennedy v. Mary Lee Coal & Railway Co.

claration of section 1669, to the effect that they are personal property, does not, *proprio vigore*, affix subjectivity to levy and sale under legal process. The statute authorizing, in general terms, the tax-collector to levy on personal property, without providing any mode by which a levy may be made on intangible property of which he can not take possession or control, must be construed, under the recognized canons of interpretation, to mean such property as is subject to levy and sale by the rules of the common law,—such as is capable of actual or constructive possession or control. The decision in *Blair v. Irby*, 25 Kan. 499, proceeds on this principle. A statute of that State required the county treasurer to issue a warrant to the sheriff, commanding him to levy the amount of unpaid taxes on the goods and chattels of the person to whom such taxes were assessed. It was held that promissory notes are goods and chattels within the meaning of the statute, and may be levied on and sold by a sheriff holding such warrant, provided he can get possession of them without committing any wrong. The court said: "Whenever the officer can obtain possession of the notes without the commission of anything wrong, or any trick, or breach of the peace, we can see no reason why he should not levy upon them; the statute seems to authorize such a thing, many decisions uphold it, and no good reason can be given why it should not be done. Of course, where the officer can not obtain possession of the property, a resort may be had to attachment and garnishment, or to a court of equity." Whether a tax-collector can levy on corporate shares, when he has or can obtain possession of the certificates of shares, it is unnecessary to decide. It follows from the foregoing principles, that he is without authority to levy on and sell such shares, when he can not obtain possession of the certificates, unless authority is conferred by section 1673 of the Code, as insisted by appellant.

The argument is, that as the statutes declare corporate shares to be personal property, and require the tax-collector to levy on any personal property of the delinquent tax-payer, without providing any mode in which such levy may be made, he is authorized to make the levy, as nearly as practicable, in the manner prescribed for levying executions. Section 1673 provides: "The shares of stock are subject to levy and sale under attachment or execution, as other personal property; and the levy may be made without the officer having or obtaining possession of the certificates, by indorsement on the attachment or execution, stating the number of shares, or other interest, on which the levy is made, and giving notice thereof to the custodian of the books of transfer" [in the

manner prescribed by the section]; . . . "and on making the sale, the sheriff must make to the purchaser a transfer of the stock in writing, and the purchaser has the right to require the proper officer to register such transfer on the books of the corporation." The objects of the section are, to provide a mode by which the sheriff may obtain constructive control, so as to prevent transfer of the shares on which the levy is made to any other person—that is, by giving notice to the custodian of the books—and also to provide the mode of delivery to the purchaser, by requiring the sheriff's certificate of the sale to be registered on the books of the corporation.—*Nabring v. Bank of Mobile*, 58 Ala. 204.

The statute being in derogation or modification of the common law, its operation should not be extended beyond what is expressly declared, or fairly implied to give it full effect. By its terms, shares of stock are made subject to levy and sale under attachment or execution, *eo nomine*, and the levy is to be made by indorsement on the writ, stating the number of shares, or other interest levied on. The assessment book, examined, corrected and properly certified, is, under the revenue laws, the collector's warrant or authority to levy on and sell personal property. For this purpose, no execution is requisite, and no provision is made for the issue of any. Not holding an attachment or execution, it is impracticable for the tax-collector to comply with the requirement that the levy be made by "indorsement on the attachment or execution." To constitute a valid levy under the statute, all its requirements must be substantially complied with. The levy must be made in the manner prescribed by the statute, or it and the sale thereunder are unauthorized and void.—*Blair v. Compton*, 33 Mich. 414. The property subject to execution on judgment is not necessarily the same subject to levy and sale for taxes. This must be determined by the statute.—Cooley on Tax. 441. The provisions of section 1673 are not susceptible of adaptation to a levy and sale on shares of stock by the tax-collector.

It does not result from this conclusion, as counsel seem to suppose, that corporate shares are allowed to escape subjection to liability for the payment of taxes; other remedies are available.

Affirmed.