(92 South. 906)

BERRY v. STEWART. (8 Div. 435.)

(Supreme Court of Alabama. April 13, 1922.)

Attachment ⬳163—Levy cannot be made without taking property into possession.

Code 1907, § 4106, providing that executions on judgments may be levied on joint property without taking the property into actual possession, does not apply to attachments, nor would it, if applicable, authorize a levy by the sheriff simply indorsing "Levied" on the writ, without going to see the property.

Appeal from Circuit Court, Franklin County; C. P. Almon, Judge.

Assumpsit by T. R. Berry against W. A. Stewart, with attachment in aid of suit. From a judgment for plaintiff on the debt, but without attachment of lien, plaintiff appeals. Transferred from Court of Appeals under Acts 1911, p. 449, § 6. Affirmed.

W. L. Chenault, of Russellville, for appellant.

The defendant made an unqualified appearance, thus waiving all irregularities, and the court erred in not declaring the lien. Sections 2928, 2940, 2942, and 4106, Code 1907; 2 Ala. App. 373, 56 South. 845; 150 Ala. 128, 43 South. 208; 51 Cal. 309; 14 Conn. 219, 36 Am. Dec. 488.

Travis Williams, of Russellville, for appellee.

The evidence was ample to justify the finding of the court, and its findings will not be disturbed.

SOMERVILLE, J. Plaintiff sued out a writ of attachment against defendant, a nonresident, claiming an indebtedness due him by promissory note. The writ was levied on some pine lumber, and, defendant having entered an unqualified appearance in the cause, plaintiff filed a bond as provided by section 2928 of the Code, and thereby prevented the discharge of the levy. The trial court rendered a judgment for plaintiff, but refused to make an order subjecting to the satisfaction of the judgment a sawmill outfit in which defendant was shown to have a half interest; the refusal being based on the ground that the evidence failed to show the levy of any writ of attachment on that property.

The sheriff testified that another attachment writ came into his possession from the clerk's office, which he levied on the sawmill, and then "as well as he remembered" turned it over to the clerk; but he said he had no special recollection about it. He did not state that he had indorsed on the writ the fact of its execution, and he "levied" it on the mill at Belgreen while at his office in Russellville, and did not go to Belgreen, where the mill was located. The clerk testified there was no such paper in his office, that he had no record of its issuance, and that he had no recollection of issuing it. No such writ was in fact produced.

On this evidence we think the trial court was justified in finding that no second writ of attachment was issued from the clerk's office, and also that, in any case, there was no sufficient levy on this property. Section 4106 of the Code provides that *executions* on judgments may be levied on joint property without taking the property into actual possession. But that section does not seem to be applicable to attachments, nor would it, if applicable, authorize a levy in the manner here shown.

We need not in this case determine just what acts are appropriate and necessary to effect a levy on personal property owned jointly by the defendant in attachment and one who is not a party to the writ. It is certain, however, that what the sheriff did here was not sufficient to effect a valid levy. 6 Corp. Jur. 230, § 435; Id. 237, § 447; Abrams v. Johnson, 65 Ala. 465.

The several rulings on the evidence, assigned as error, have no bearing on the result and need not be considered. It results that the action of the trial court was free from error, and the judgment must be affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and THOMAS, JJ., concur.