(105 So. 679)

**FLEMING et al. v. MOORE.  (7 Div. 499.)**

(Supreme Court of Alabama.  June 25, 1925.
Rehearing Denied Oct. 22, 1925.)

1. **Supersedeas** ⊚⟶1—**Petition to set aside sheriff's return of forfeiture on replevy bond held equitable in nature.**

Petition to set aside sheriff's return of forfeiture on replevy bond in attachment suit and supersedeas of execution *held* equitable in nature.

2. **Appeal and error** ⊚⟶931(1), 1012(1)—**Trial court's findings of fact presumed valid, and not disturbed, unless clearly wrong.**

In trial of fact by court without jury, findings are given presumptions as if on judgment based on verdict, and will not be disturbed, unless clearly wrong or contrary to great weight of evidence.

3. **Attachment** ⊚⟶337—**Second levy to relieve principal and sureties on bond must in fact have prevented return of property.**

Before action of officer executing second attachment will relieve principal and sureties on replevy bond from returning property pursuant to conditions of bond, second levy must in fact have prevented return of property taken and replevied under first levy.

4. **Process** ⊚⟶149—**Return only prima facie evidence against stranger.**

Return of the sheriff is only prima facie evidence against stranger of facts recited therein.

5. **Attachment** ⊚⟶164, 172—**Inventory not essential to sustain bona fides of levy; actual touching of property not essential.**

Inventory of property seized, to sustain bona fides of levy and to identify property in case of controversy concerning it, is proper but not essential, nor is actual touching of property levied on essential to actual taking.

6. **Attachment** ⊚⟶164—**Assertion by officer that he levies on property within view and power to assert immediate dominion deemed "actual taking" of it under process.**

Assertion by officer that he levies or takes property under writ in his possession, if property is within his view, and power to assert immediate dominion over it and, if necessary, take it into custody, will be deemed "actual taking" of it under process.

[Ed. Note.—For other definitions, see Words and Phrases, Second Series, Actual taking.]

7. **Attachment** ⊚⟶164—**Removal of property by officer unnecessary.**

It is unnecessary that property levied on by an officer be removed by him.

---

⊚⟶For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**8. Attachment ☞164—Act of officer in taking property under process must put it out of control of debtor.**

Act of officer in levying on property must be such as to put it out of control of debtor by assumption of control by officer, and keep same in his charge or in charge of some one for him; officer being authorized to deputize third person to control and keep it for him as such officer.

**9. Property ☞10—Adverse claimants cannot be in possession at same time.**

Two claimants in adversary right cannot be in lawful possession of the same property at the same time.

**10. Supersedeas ☞5—Admitting testimony of sheriff as to what he really did as to levying of attachments held without error.**

In petition to set aside and suspend sheriff's return of foreclosure of bond, and set aside execution issued thereon, there was no error in permitting sheriff to testify that he made no second levies on the property and as to what he really did in the premises as to levy of attachments.

**11. Supersedeas ☞5—Evidence held insufficient to establish retaking of property by sheriff so as to interfere with possession thereof.**

In petition to set aside and suspend sheriff's return of forfeiture on replevy bond in attachment, evidence *held* insufficient to establish retaking of property by sheriff so as to interfere with possession of property by petitioners.

**12. Appeal and error ☞1011(1)—Where evidence taken ore tenus, judgment not disturbed.**

Notwithstanding that testimony was confusing, if not contradictory, where evidence was taken ore tenus before court without jury, judgment will not be disturbed.

**On Rehearing.**

**13. Appeal and error ☞987(2)—Constitutional law ☞55—Act held not to require appellate court to disregard trial court's finding of fact, as, if so, it would be unconstitutional.**

Acts 1915, p. 939, § 3 (Code 1923, § 8599), was not intended to require appellate court to disregard finding of trial court on facts when such court had better opportunity to pass on evidence than appellate court, as, if so intended, act would be unconstitutional as encroaching on judiciary.

Appeal from Circuit Court, Clay County; E. S. Lyman, Judge.

Petition of H. G. Fleming and others to set aside and supersede sheriff's return of forfeiture on replevy bond in the case of W. L. Moore against the Pocahontas Graphite Company. From a judgment denying the relief, petitioners appeal. Affirmed.

Merrill & Allen, of Anniston, E. P. Gay, of Ashland, and Jas. W. Strother, of Dadeville, for appellants.

When property levied on and replevied by defendant is afterwards taken from him under a paramount title or lien, or under valid judicial proceedings, this excuses defendant from delivery of the property and discharges the obligation of his bond. Bolling & Son v. Vandiver & Co., 91 Ala. 375, 8 So. 290; Watson v. Simmons, 91 Ala. 567, 8 So. 347; Moore Bros. v. Cowan, 173 Ala. 536, 55 So. 903; Cole v. Conolly, 16 Ala. 271; Glover v. Taylor, 41 Ala. 124; Cordaman v. Malone, 63 Ala. 556. A sheriff's return is always at least prima facie evidence of the fact. It is conclusive in the action in which it is made. Ingram v. Ala. Power Co., 201 Ala. 13, 75 So. 304. Until set aside under authority of the court or disproved in a proper case, it imports verity. Dunklin v. Wilson, 64 Ala. 162; Brown v. Turner, 11 Ala. 752; Martin v. Barney, 20 Ala. 369; Stewart v. Capital Fert. Co., 207 Ala. 596, 93 So. 641. The return cannot be assailed on collateral attack. Stewart v. Capital Fert. Co., supra; Smith v. Gaines, 210 Ala. 245, 97 So. 739; Dunklin v. Wilson, supra. No presumption obtains as to the correctness of the conclusions of the trial court. Code 1923, § 8599.

A. L. Crumpton, of Ashland, for appellee.

In a trial by a court without jury, the findings of the court are given the same presumption as if found by a jury. Perry v. Marbury Lbr. Co., 212 Ala. 542, 103 So. 580. Before the action of an officer in executing a second attachment writ will excuse the sureties on a replevy bond from returning the property, the action of the officer must in fact have prevented the sureties from returning the replevied property. Bolling v. Vandiver, 91 Ala. 375, 8 So. 290; Scarborough v. Malone, 67 Ala. 570; Cordaman v. Malone, 63 Ala. 556; Rives v. Wilborne, 6 Ala. 45; McRea v. McLean, 3 Port. 138. The second, or junior, attachment writs were not levied by the sheriff; his action in making such a return did not amount to a levy. Abrams v. Johnson, 65 Ala. 465; Inman, Smith v. Schloss, 122 Ala. 461, 25 So. 739; Sells v. Price, 3 Ala. App. 534, 57 So. 265; Higdon v. Warrant Warehouse, 10 Ala. App. 496, 63 So. 938; Berry v. Stewart, 207 Ala. 318, 92 So. 906. The return of the sheriff upon returnable process is only prime facie evidence against strangers to the writ. Governor v. Bancroft, 16 Ala. 605; Hensley v. Rose, 76 Ala. 373; Jeff. Co. Savings Bank v. Eborn, 84 Ala. 529, 4 So. 386; La Follett v. Mitchell, 42 Or. 465, 69 P. 916. Petition and supersedeas are equitable in nature and equitable principles control. Thompson v. Lassiter, 86 Ala. 536, 6 So. 33.

THOMAS, J. The appeal is from a judgment of the circuit court denying the petition of appellants to set aside and suspend the sheriff's return of forfeiture on replevy bond, and to set aside the execution issued on said bond.

The petition alleges the suit of W. L. Moore v. Pocahontas Graphite Company was filed, and that attachment issued against the defendant, under which the sheriff levied upon the property which is described in the petition; that a replevy bond was executed by the Graphite Company, by H. G. Fleming, president, and petitioners, H. G. Fleming, S. A. Bookhammer, and E. P. Gay, as sureties, approved by the sheriff, and was conditioned that, if the defendant failed in the suit, the said property would be returned within the time prescribed by law. Thereafter 17 different suits were filed in the court of the justice of the peace for beat 6 in the same county against the Graphite Company, in which attachments issued, and said writs of attachment on the 25th day of January, 1923, and while the instant cause was pending, were levied by the sheriff on the respective properties which were replevied. It is further averred that judgments were rendered in the justice's court condemning the respective properties levied upon under said writs of attachment, and pursuant thereto the sheriff advertised the same for sale, though the sales were restrained, and the properties not sold, by order of the judge of the district court of the United States.

It is further averred that plaintiff in the circuit court obtained judgment against the defendant; the property under the attachment in that court was condemned to the satisfaction of that judgment; and "within thirty days from the date of said judgment in this cause petitioners delivered to the sheriff all of the property levied on under the attachment in this cause remaining in their possession, being the property described" in the instant petition; that thereafter the sheriff made a return of failure to return said property to the sheriff pursuant to the terms of the replevy bond, and declared a forfeiture of said bond.

It is further alleged in the petition that the taking of the property under the attachments from the justice's court relieved petitioner and sureties on the replevy bond in the circuit court, when petitioner delivered to the sheriff all the property levied upon, "except that which had theretofore been retaken" by the sheriff. Petitioner moved to set aside and quash the sheriff's return of forfeiture, and quash the execution issued upon said return, vacate the levy made, and that the sheriff be restrained from proceeding with the sale of petitioner's property levied on under said execution. The trial court, hearing the cause without a jury, rendered judgment denying relief and dismissing the petition. This appeal is from such rulings.

[1] The petition and supersedeas of execution are equitable in nature, and will be so considered. Thompson v. Lassiter, 86 Ala. 536, 6 So. 33; Ex parte Brickell, Judge, 204 Ala. 441, 86 So. 1; Henderson v. P. & M. Bank, 178 Ala. 420, 59 So. 493; Branch Bank v. Coleman, 20 Ala. 140; Lockhart v. McElroy, 4 Ala. 573.

[2] In a trial of fact by a court without a jury, the findings are given the presumptions as if on judgment based on a verdict, and will not be disturbed, unless clearly wrong or contrary to the great weight of the evidence. Perry v. Marbury Lbr. Co., 212 Ala. 542, 103 So. 580; Bice v. Robinson, 210 Ala. 471, 98 So. 462; McNaron v. McNaron, 210 Ala. 687, 99 So. 116; McClurkin v. McClurkin, 206 Ala. 513, 90 So. 917; Hackett v. Cash, 196 Ala. 403, 72 So. 52.

[3] Under the rules obtaining in a court of equity, before the action of an officer executing a second attachment will relieve the principal and sureties on replevy bond from returning the property pursuant to the conditions of the bond and provisions of law entering therein, the "second levy" must in fact have prevented the return of the property taken and replevied under the first levy. Bolling & Son v. Vandiver & Co., 91 Ala. 375, 8 So. 290; Scarborough v. Malone, 67 Ala. 570; Cordaman v. Malone, 63 Ala. 556; Rives & Owen v. Wilborne, 6 Ala. 45; McRea v. McLean, 3 Port. 138. Chief Justice Stone thus states the rule obtaining as to release of obligors on replevy bond:

"* * * When the property levied on has been restored to the defendant, on the execution by him of a forthcoming bond with sureties, if such property is afterwards taken from them under a paramount title or lien, or under valid judicial proceedings, this excuses them from the delivery of the property, and discharges the obligation of the bond, so far as to render invalid a return of forfeiture by the levying officer. The law will not punish the failure to do that which itself has rendered impossible to be performed." Bolling & Son v. Vandiver & Co., 91 Ala. 375, 379, 8 So. 290, 291.

[4] It is further established in this jurisdiction that the return of the sheriff is only prima facie evidence against a stranger of the facts recited in such return. Jefferson County Savings Bank v. Eborn, 84 Ala. 529, 4 So. 386; Hensley v. Rose, 76 Ala. 373; Governor v. Bancroft, 16 Ala. 605, 612. See 3 Phil. Ex. C & H notes, 1085, 1087, 1089.

The court held as a matter of fact that the junior attachment writs were not actually levied by the sheriff, or that his action in making a return and proceeding to advertisement under levies from the justice's court did not amount to a levy, an assumption of dominion over the property (Berry v. Stewart, 207 Ala. 318, 92 So. 906; Inman, Smith & Co. v. Schloss, 122 Ala. 461, 468, 25 So. 739; Abrams v. Johnson, 65 Ala. 465), or that such return and action thereunder by the sheriff did not in fact prevent the return of said property by the obligors under the replevy bond given in the cause pending in the circuit court.

[5-8] In Abrams v. Johnson, 65 Ala. 465, the rule of the earlier cases was adhered to as to what constituted a levy on personal property; the officer must assume dominion over it—not only "have a view of the property, but he must assert his title to it by such acts as would render him chargeable as a trespasser, but for the protection of the process." An inventory of the property seized, to sustain the bona fides of the levy and to identify the property in case of controversy concerning it, "is proper," but not essential; nor is an actual touching of the property levied upon essential to an "actual taking." An assertion by the officer that he levies or takes property by virtue of a writ in his possession, if the property is within his view and power to assert immediate dominion over it and, if necessary, take it into his custody, will be deemed an "actual taking of it" under process. It should be said further that it is unnecessary that the property levied upon be removed by the officer. However, in all cases the act of the officer must be such as to put the property out of the control of the debtor by the assumption of control by the officer and keep the same "in his charge or in the charge of some one for him," and the officer is authorized to deputize some person or persons to control and keep the same for him as such officer. Inman, Smith & Co. v. Schloss, 122 Ala. 461, 469, 25 So. 739.

The question here presented had the attention of this court in Watson v. Simmons, 91 Ala. 567, 8 So. 347, where Mr. Chief Justice Stone said, on the authority of Abrams v. Johnson, supra, that before the time arrived for the delivery of the property to the sheriff, pursuant to the terms of the forthcoming bond, "in exoneration of the sureties, the same officer, by another deputy, had seized the horses under a statutory writ of detinue, at the suit of a third person claiming them. The levy or seizure was sufficient, and placed the property without the control of the bondsmen." The case of Bolling & Son v. Vandiver & Co., 91 Ala. 375, 8 So. 290, was there quoted from, as we have indicated above, and it was held, in both of these cases, a discharge of the sureties on the forthcoming bond.

[9] The important fact is whether there was anything done by the officer which amounted to a levy. The reason for the rule is that two claimants in adversary right cannot be in the "lawful possession of the same property at the same time." Stanton v. Heard, 100 Ala. 515, 14 So. 359; Chandler v. Francis Vandegrift Shoe Co., 94 Ala. 233, 10 So. 353; Hamilton v. Maxwell, 119 Ala. 23, 24 So. 769; Kennedy v. Mary Lee Coal & Ry. Co., 93 Ala. 494, 9 So. 608.

[10] Petitioner offered in evidence the several judgments in the justice's court of condemnation to sale of the properties attached, and introduced the original notices of sale signed by the sheriff and shown to have been duly posted. After this proof had been made,

the sheriff was permitted to testify, against due objection of petitioner, that he made no such levies, and to impeach his said returns of levies to the justice's court. The objection of petitioner was that the return of the sheriff could not be so impeached on collateral attack. See Smith v. Gaines, 210 Ala. 245, 247, 97 So. 739.

However, in Stewart v. Capitol Fertilizer Co., 207 Ala. 596, 598, 93 So. 641, it was declared: (1) That the rule did not preclude the sheriff from amending the return, in a proper case, to make it speak the truth; (2) that it is not conclusive on a party to the cause upon an action against the sheriff for false return; (3) that it is not conclusive in a proceeding in equity dependent thereon; and (4) that it is not conclusive when the proceeding is under the four-month statute to set aside a judgment or decree predicated thereon. There was no error in admitting the testimony of the sheriff as to what he really did in the premises as to the levy of attachments from the justice's court and as affecting petitioner's possession of the property in question and preventing its return to the sheriff pursuant to provision of the replevy bond in case pending in the circuit court.

We have carefully examined the several objections and exceptions reserved on introduction of the evidence, and find no reversible error.

[11] The evidence fails to show a valid levy in fact under the attachments from the justice's court having the effect of interference with the possession of the property retaken by replevin. It is insufficient to establish a retaking by the sheriff, its removal, or the deputizing or appointing of a custodian thereof under levies of the attachments from the justice's court.

Mr. Enright testified that shipments by the principal of graphite that was in the warehouse "at the time the Moore attachment was levied went to the Asberry people"; that "most of the graphite that went to the Asberry people was in the Moore attachment"; that some of it, after being reworked, "went to the Joseph Dixon Crucible Company" or "to the Asberry people"; that "it was all sold; all the graphite that was levied on in the Moore attachment and also the Junior attachments was sold with the exception of what is in the warehouse. There are about two carloads of No. 2 and No. 3 in the warehouse now; 250 bags make a car." On cross-examination the witness stated, "The No. 2 and No. 3 which is now in the warehouse is the dust that was there in the attachment," and that the shipments made were of graphite thereafter manufactured.

[12] This testimony is confusing, if not contradictory. However, in this equitable action, where the evidence was taken ore tenus before the court without a jury, the judgment will not be disturbed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and BOULDIN, JJ., concur.

On Rehearing.

THOMAS, J. [13] We were not unmindful of a slight change in statute (Acts 1915, p. 939) by its codification (section 8599, Code of 1923). Yet the reason still obtains under the last statute, as indicated in Hackett v. Cash, 196 Ala. 403, 406, 72 So. 52, to the effect that said statute was not intended to require the appellate court to disregard the finding of the trial court upon the facts when such court had the better opportunity to pass on the evidence than the appellate court. If such was the legislative intent, it would be an invasion by the Legislature of the power of the judiciary.

Rehearing denied.

ANDERSON, C. J., and SOMERVILLE and BOULDIN, JJ., concur.